Thomson, P. J.,
delivered the opinion of the court.
On the 25, day of April, 1895, The McClelland-Colt Commission Company sold and delivered to E. Glaser teas of the value of $591. On the 7, of May following, Glaser made a general assignment of his property to Abraham Taub for the benefit of his creditors. Taub duly qualified as assignee, and entered into the possession of the property assigned, including the teas mentioned; and immediately thereafter, by order of the court having jurisdiction, proceeded to sell the property at retail. Upon the execution of the deed of assignment the commission company rescinded the sale to Glaser, and unsuccessfully demanded the possession of the teas from the assignee. Afterwards, the company brought its action in the same court. to recover the possession of the goods, alleging that Glaser at the time he purchased them was insolvent ; that he obtained their possession from the plaintiff with' the intent not to pay for them; and that the plaintiff as soon as it learned of Glaser’s fraudulent intent, rescinded the sale and demanded the property. The sheriff in executing the writ of replevin, was able to obtain only a portion of the goods; the residue, of the value of $226.49, presumably having been sold by the assignee. At the trial of the *192 action, the court submitted to the jury only the question whether the plaintiff was the owner and entitled to the possession of the goods taken by the sheriff, and expressly excluded from their consideration all question of the right of the plaintiff to a verdict for the value of the goods which the sheriff failed to find. The verdict was for the plaintiff, but, in accordance with the instructions, it affected nothing but the goods which the sheriff had seized. The commission company then filed its petition in the same court, setting forth the sale and delivery of the goods, the fraudulent intent of Glaser in purchasing them and procuring their delivery to him; the assignment to Taub; the rescission of the sale ; the demand upon Taub; the suit in replevin, and its result; and praying an order upon the assignee for the payment to it of $226.49, the price of the goods which the sheriff had been unable to obtain, and concerning which there had been no adjudication in the replevin suit. The petition was heard upon an agreed statement of facts in which it was stipulated that all the allegations in the petition were true. The court made an order as prayed, and the assignee appealed to this court.
Upon the admitted facts it is clear that no title to the teas passed from the petitioner to Glaser. If goods are purchased with the preconceived design on the part of the vendee not to pay for them, the title still remains in the vendor. Benjamin on Sales, §§ 439, 440, n. (e); Fox v. Webster, 46 Mo. 181; Ferguson v. Carrington, 9 B. & C. 59; Brook v. Schradsky, 6 Colo. App. 402. The assignee stood in the shoes of his assignor, and whatever claim in respect to the property the petitioner might have against the latter, could also be asserted against the former. It was entitled to reclaim such of the goods as it found in the assignee’s possession ;* and the conversion of a portion of them into money simply gave it a remedy against the fund, instead of the property itself. The assignee "held the fund in trust for the petitioner, and must make it good from the assets of the estate. Banks Brothers v. Rice, 8 Colo. App. 217.
*193 Except in the appellant’s assignment of errors, and there only inferentially, no question is made upon the foregoing-propositions. They are not disputed in his argument. The main controversy is concerning the effect of the judgment in replevin upon this proceeding. The contention of the appellant is that by resorting to replevin, the company selected its remedy; that it was entitled in that action not only to judgment for the possession of the property delivered to the sheriff, but to judgment for the value of the property not delivered; and that notwithstanding it took judgment for less than it was entitled to, the judgment is a bar to any further controversy concerning the subject-matter of that suit, or any part of it. The law upon which counsel rely is well settled. A party is not at liberty to split a single cause of action, so as to recover upon a portion at one time, and upon the residue at another. A judgment concludes the rights of the parties in respect to the cause of action in which it was rendered, whether it includes the whole or only a part of the demand sued on. Union R. R. & T. Co. v. Traube, 59 Mo. 355; Herriter v. Porter, 23 Cal. 385.
But we apprehend that this rule is applicable only where the plaintiff is under no legal restraint as to the method he shall pursue in the assertion of his rights; where he has entire liberty in the management and conduct of his suit; and where the law has placed no impediment in the way of his obtaining, in the action he has brought, the full measure of relief to which he is entitled. The suit in replevin was against the assignee of an insolvent estate. Proceedings upon an assignment for the benefit of creditors are regulated by statute. The administration of the estate is directed and controlled by the district court of the county in which the deed of assignment is recorded. The assignee is, in respect of the property in his hands, at all times subject to the order and supervision of the court or its judge; he is an officer of the court; any interference with him in the discharge of his duties is a contempt of court; and no suit against him in relation to or concerning- the property as *194 signed, is allowable without the permission of the court being first obtained. Session Laws, 1885, p. 43; Session Laws, 1893, p. 64.
When and how an assignee may be proceeded against in relation to the property or its proceeds, is in the discretion of the court; and there can be no interference with that discretion unless in case of its abuse. The court having jurisdiction authorized the action in replevin. It was brought and tried in that court; and as only part of the property was found, the court confined the recovery in the suit to that part. It afterwards entertained and sustained a proceeding for an order upon the assignee to pay to the company the money into which the other part had been converted. Tins proceeding was not barred by the judgment in replevin, because by virtue of its control, — a control to which the company was compelled to submit, —• of the manner in which the conqpany’s claim should be asserted, the court ordered the disposition of the unsold property in one proceeding, and of the money which represented the residue, in another. The company did not voluntarily split its claim; and after recovery upon a part, bring suit for the remainder. That there was a partial verdict which covered only the property, and a subsequent proceeding which affected the money, was in consequence of a method, which the court, in the exercise of its discretion, adopted for the adjudication of the claim. No injury resulted to the appellant from the method pursued, and the discretion which the court was authorized to exercise was not abused.
But, for the defendant, it is urged that when by virtue of a permission given by the court for the purpose, the suit in replevin was commenced, the general rules governing such actions became applicable; and that, in respect to the conduct of the trial and the effect of the judgment, there could be no difference between this replevin and other cases of replevin. Whether when, as in this instance, the court giving the permission and the court in which the suit is brought are the same, supposing its order granting the permission to be *195 unconditioned, it still retains control of the proceeding, of the manner in which it shall he conducted, and of the disposition which shall be made of it, until final judgment; or whether in such respects its discretion is exhausted when the permission is given, we do not undertake to decide. But conceding that if the order granting the permission was without qualification of any kind, the rule contended for would obtain, we would still be unable to say that it should be applied hi this instance. The text of the order now in question is not before us. What its limitations, if any, were, and how far it authorized the plaintiff to go in the prosecution of its suit, we are not advised. The presumptions are. in favor of the regularity of the court’s proceedings; and, nothing appearing to the contrary, we must presume that the permission given restricted the plaintiff’s right of recovery to such of the property as might be found, and that the court’s directions to the jury were in pursuance of, and in' accordance with, the terms of the order granting the permission.
The judgment will be affirmed.

Affirmed.