603 P.2d 979 (1979)
Jose Alberto AYALA, Petitioner-Appellee,
v.
The COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, and Alan Charnes, in his capacity as duly appointed Executive Director of the Colorado Department of Revenue, Respondents-Appellants.
No. 79CA0391.
Colorado Court of Appeals, Div. II.
November 29, 1979.
Zane M. Pic, Ellen J. Helberg, Greeley, for petitioner-appellee.
J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., James R. Willis, Asst. Sol. Gen., Denver, for respondents-appellants.
RULAND, Judge.
The Department of Revenue appeals from a judgment of the district court which set aside the Department's order revoking the driver's license of Jose Alberto Ayala pursuant to the implied consent statute, § 42-4-1202(3), C.R.S.1973. We reverse and remand the case for further proceedings.
The record reflects that Ayala was involved in a single car accident on October 8, 1977, which was investigated by officer Carolus of the Colorado State Patrol. Ayala was the only occupant of the vehicle, and, when the officer arrived at the scene, Ayala was suffering intense pain from a leg injury. Carolus extricated Ayala from the vehicle and called for an ambulance.
After the ambulance arrived, Carolus called for another patrolman to meet Ayala at the hospital in order to take a blood alcohol sample. Officer Swencki met the ambulance at the hospital, and, after medical treatment had been rendered, he provided Ayala with the written and oral advisements required by the statute, and then requested that Ayala submit to a test. *980 Ayala declined, and Swencki then escorted Ayala to the sheriff's office where they met with Carolus. Ayala was then issued a summons and complaint for driving while under the influence of alcohol.
Following the hearing before a hearing officer of the Department at which an order revoking Ayala's license was entered, Ayala sought judicial review in the district court. The district court's ruling in favor of Ayala was made from the bench on April 10, 1979, and counsel for Ayala was directed to submit a written order for approval by the trial court. The Department's notice of appeal was filed on April 30, 1979. However, the written order was not signed by the trial court until May 7, 1979. See C.R. C.P. 58(a).
We must first address Ayala's contention that this court lacks jurisdiction to consider the Department's appeal because the notice of appeal was premature. We conclude that this court has jurisdiction.
It is not disputed that the written order entered on May 7 merely reduces to written form the court's ruling made from the bench following oral argument on April 10, 1979. And, there is no requirement that a motion for new trial be filed in this case. See C.R.C.P. 59(h). Further, the notice of appeal clearly apprised Ayala of the judgment which was challenged by the Department. See Happy Canyon Investment Co. v. Title Insurance Co., 38 Colo.App. 385, 560 P.2d 839 (1976), and no prejudice accrues to Ayala because of the premature filing. Under these circumstances, we conclude that the premature notice of appeal does not divest this court of jurisdiction. See Morris v. Uhl & Lopez Engineers, Inc., 442 F.2d 1247 (10th Cir. 1971); Firchau v. Diamond National Corp., 345 F.2d 269 (9th Cir. 1965).
The sole issue on this appeal is whether Ayala was arrested in compliance with § 42-4-1202(3)(a), C.R.S.1973. The statute predicates a driver's implied consent for a test upon his arrest for "any misdemeanor offense arising out of acts alleged to have been committed while ... [he] was driving a motor vehicle while under the influence ...." In response to Ayala's contention that he was not placed under arrest until after the officer requested that he submit to a test, the Department hearing officer ruled that the time of arrest was irrelevant and that, because Ayala was clearly under arrest at the sheriff's office, the requirement of the statute had been satisfied.
The district court reversed, based upon § 42-4-1504(1)(c), C.R.S.1973 (1978 Cum. Supp.), which provides, insofar as pertinent here, that, whenever a person is arrested for driving under the influence, that person "shall be taken without unnecessary delay before a county judge who has jurisdiction of such offense ...." The district court reasoned that, because of the failure of the officers to comply with this provision, Ayala had not been under arrest at the time of the test request. We do not agree with either the hearing officer or the district court.
Contrary to the Department's assertion, an arrest must precede any request that a driver submit to a blood alcohol test. People v. Brown, 174 Colo. 513, 485 P.2d 500 (1971). However, the requirement in § 42-4-1504 for an appearance before the county court is a post-arrest requirement relative to the criminal prosecution for driving under the influence. That appearance has no bearing upon a civil proceeding under the implied consent statute. Thus, the arrest referred to in § 42-4-1202 constitutes detention by an officer such that the driver is in custody and obviously not free to leave of his own volition. See People v. Apodaca, 38 Colo.App. 395, 561 P.2d 351 (1976), aff'd Colo., 571 P.2d 1109 (1977).
The judgment is reversed and the cause remanded to the district court with directions to enter an order remanding the case to the Department for a hearing to determine when Ayala was placed under arrest and for further proceedings based thereon which are consistent with the views expressed in this opinion.
PIERCE and VAN CISE, JJ., concur.