**Robin HUMPHREY, Plaintiff-Appellee,**

v.

**MOTOR VEHICLE DIVISION, DEPART- MENT OF REVENUE, State of Colorado, Defendant-Appellant.**

**No. 83CA0020.**

Colorado Court of Appeals, Div. I.

July 21, 1983.

Rehearing Denied Aug. 11, 1983.

Richard M. Borchers, Westminster, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sp. Asst. Atty. Gen., James R. Willis, Asst. Atty. Gen., Denver, for defendant-appellant.

BABCOCK, Judge.

The Department of Revenue appeals from an order of the district court reversing its three-month revocation of Robin Humphrey's driving privileges pursuant to the implied consent statute. We affirm.

The evidence at the revocation hearing established that a Colorado State patrolman was dispatched to the scene of a one-car accident, where he observed Humphrey in the damaged vehicle. Since Humphrey was complaining of pain, the patrolman arranged for his transportation to the hospital by ambulance and told Humphrey that he would "see him there."

After investigating the accident scene, the patrolman proceeded to the hospital where he met Humphrey in the emergency room and advised him of the implied consent procedure. Humphrey refused to submit to a test of his blood alcohol level, and the patrolman left the hospital. The following morning another patrolman served Humphrey in his hospital room with a sum-

mons for driving under the influence of alcohol.

The hearing officer found that the patrolman had reasonable grounds to believe Humphrey was driving under the influence of alcohol before he attempted to administer the implied consent procedure and, accordingly, revoked Humphrey's license for three months. On appeal, the district court reversed the revocation, finding that reasonable grounds had not been established, and that there was insufficient evidence in the record of an arrest.

The hearing officer did not address the issue of whether Humphrey was arrested before the patrolman implemented the implied consent procedure. The trial court concluded that there was insufficient evidence in the record of an arrest. We agree.

■ An arrest is a condition precedent to the state's request that a driver submit to a blood alcohol test. Section 42–4–1202(3)(a), C.R.S.1973, as amended; *Ayala v. Department of Revenue,* 43 Colo.App. 357, 603 P.2d 979 (1979).

■ In determining whether there has been an arrest, the objective or reasonable person standard applies, that is, whether in view of all the circumstances surrounding the incident, a reasonable person, would have believed that he was not free to leave. *United States v. Mendenhall,* 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); *People v. Pancoast,* 659 P.2d 1348 (Colo.1983). We conclude as a matter of law upon the undisputed facts in this case and in view of the totality of the circumstances that Humphrey was not "arrested" before implementation· of the implied consent procedure. *People v. Pancoast, supra.*

In view of our ruling upon the arrest question, it is unnecessary to address the issue of whether the implied consent advisement form contained a sufficient statement of reasonable grounds to believe Humphrey had been driving under the influence of alcohol.

The judgment is affirmed.

PIERCE and VAN CISE, JJ., concur.