**Martin MARIETTA, a Maryland corporation, Plaintiff-Appellee,**

v.

**Jerry T. BUSTO, Defendant-Appellant.**

**No. 82CA0892.**

Colorado Court of Appeals,
Div. II.

April 26, 1984.

Rehearing Denied June 7, 1984.

Certiorari Denied Nov. 26, 1984.

Holme Roberts & Owen, John R. Webb, Elaine A. Truitt, Denver, for plaintiff-appellee.

Thomas W. Koelling, Colorado Springs, for defendant-appellant.

VAN CISE, Judge.

In this action premised upon violation of plaintiff's trade secrets, defendant, Jerry T. Busto, appeals a judgment in favor of plaintiff, Martin Marietta Corporation, granting it an injunction and a declaratory judgment and dismissing defendant's counterclaim. We affirm.

The only claims of error raised on appeal pertain to alleged "irregularities in the proceedings." Thus, it is unnecessary to relate the facts pertaining to the subject matter of the lawsuit.

### I. *"Irregularities" Alleged by Defendant*

#### A.

Under the circumstances of this case, the trial court did not abuse its discretion in denying defendant's request for a continuance on the basis of lack of counsel. Nearly six months before trial date, in open court, defendant consented to his former counsel's withdrawal. He was advised by the court at that time and subsequently that it was up to him to obtain counsel and that a continuance would not be granted for lack of counsel.

#### B.

The technical error, if any, in not specifically *ruling* on defendant's motion for change of judge, filed less than 10 days before trial date, was rendered harmless when the original judge (Judge Perricone) disqualified himself and another judge (Judge Lilly) was appointed and presided over all subsequent proceedings, including the trial to the court and post-judgment matters.

### C.

There was no error in the trial court's vacating its prior order denying defendant's motion for a new trial when, as here, the motion to vacate was made in a timely fashion. *Ranger Insurance Co. v. District Court,* 647 P.2d 1229 (Colo.1982). In its "findings of fact, conclusions of law and judgment," the court had specifically reserved the issue of recoverability of plaintiff's attorney's fees. Until this matter was determined, the judgment was not final or appealable. *Ortega v. Board of County Commissioners,* 657 P.2d 989 (Colo.App.1982). And, until the judgment became final, the trial court retained jurisdiction.

### D.

At the time of the post-trial hearing on costs and attorney's fees, a new attorney entered his appearance for defendant. At that time he asked leave to withdraw the original new trial motion so he could make amendments thereto. The request was denied.

Review of this claimed error is precluded because no statement or offer was made as to what additional grounds the new counsel intended to raise and no amended motion was ever offered. *See Larsen v. Archdiocese of Denver,* 631 P.2d 1163 (Colo.App. 1981). We are unable from this record to determine whether the claimed error was prejudicial. Therefore, error, if any, was harmless.

### II. Plaintiff's "Motion for Sanctions"

Seven days before oral argument, plaintiff's attorney filed with this court and served on opposing counsel a "motion for sanctions." In the motion, it asked this court, pursuant to C.A.R. 38(d), to award double costs and, as damages, its attorney's fees incurred on this appeal, on the basis that this appeal is frivolous. The parties were advised by this court to be prepared to argue the merits of this motion at the scheduled oral argument on the appeal. The matter was argued by both parties.

From our review of the record, the arguments of counsel, and our own research, we find that the defendant was unable to present any rational argument based on the evidence or law in support of his claims of error on this appeal. Therefore, we conclude that the appeal was and is frivolous. *See Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984), and *Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo.1984).

The judgment is affirmed, and plaintiff shall recover double costs. The cause is remanded with directions to conduct a hearing to determine the C.A.R. 38(d) damages, including the amount of a reasonable fee for plaintiff's attorneys on this appeal, *see Rogers v. Charnes,* 656 P.2d 1322 (Colo. App.1982), and to enter judgment accordingly.

SMITH and BERMAN, JJ., concur.