Creamer and Seaman, P.C., Marc Levy, Denver, for defendant-appellee.

**Lucy TORREZ, Plaintiff-Appellant,**

v.

**Charlene Frances DAY, Defendant-Appellee.**

**No. 85CA1437.**

Colorado Court of Appeals, Div. III.

Aug. 28, 1986.

KELLY, Judge.

Lucy Torrez, the plaintiff in this wrongful death action, has appealed the trial court judgment entered on a jury verdict in favor of the defendant, Charlene Frances Day. Briefs have not yet been filed, and the case is now before the court for disposition of the defendant's motion to dismiss premised on the contention that the notice of appeal was not timely filed. We grant the motion, and dismiss the appeal.

On March 21, 1985, the trial court entered a minute order directing the clerk of the court to enter judgment on the jury verdict in the defendant's favor, and the judgment was so entered in the register of actions. The defendant sought post-trial relief on April 2, by filing a motion for attorney fees, which the trial court denied on June 5. Not quite two weeks later, on June 17, the plaintiff filed a cross-motion for an award of attorney fees, asserting that the defendant's motion for fees had

been frivolous. This motion was denied by the trial court on August 26. The plaintiff filed her notice of appeal on October 15, 1985.

The outcome of the defendant's motion to dismiss this appeal depends entirely upon the effect to be given to the parties' post-trial motions for attorney fees. The question is whether these motions operate to suspend the running of the time for filing a notice of appeal. We hold that post-trial motions for attorney fees are subject to the provisions of C.R.C.P. 59 and that the effect of such motions upon the time limitations of C.A.R. 4(a) are as specified in C.R.C.P. 59.

Under C.A.R. 4(a), a notice of appeal must be filed within 45 days of the entry of the judgment or order appealed. However, if a motion under C.R.C.P. 59 is filed within 15 days, or if an extension of time has been granted for the filing of such a motion, the 45-day period is suspended until there has been a ruling on the motion or the extension of time has expired. Further, the trial court must rule on a post-trial motion within 60 days of the date of its filing, and the failure to do so results in automatic denial without further action. C.R.C.P. 59(j).

While a motion for attorney fees is not one of the post-trial motions for relief explicitly treated in C.R.C.P. 59, it is tantamount to a motion to alter or amend findings and judgment and may properly be treated as falling within the rubric of the rule. Hence, the defendant's motion for attorney fees, filed on April 2, was timely filed within the 15-day period specified in C.R.C.P. 59(a) and suspended the running of the 45-day period for filing notice of appeal allowed by C.A.R. 4(a).

The defendant's motion, however, was not ruled upon by the trial court within the 60-day period authorized by C.R.C.P. 59(j), and, under the rule, was deemed denied on June 3, 1985. For the purpose of the *plaintiff's* motion for attorney fees, June 3 is the operative date. The plaintiff's motion, having been filed within 15 days of this date, was also timely within the meaning of C.R.C.P. 59(a). Again, however, the trial court did not rule within the authorized 60-day period, and it was the *plaintiff's* motion which was this time deemed denied as of August 16. Accordingly, the 45-day period for appeal then commenced to run, and expired on September 30, prior to the plaintiff's filing of her notice of appeal.

The appeal is dismissed.

TURSI and BABCOCK, JJ., concur.