Mary Elizabeth O'ROURKE,
Plaintiff-Appellee,

v.

MOTOR VEHICLE DIVISION, DEPARTMENT OF REVENUE,
State of Colorado, Defendant-Appellant.

No. 85CA1718.

Colorado Court of Appeals,
Div. IV.

Feb. 5, 1987.

No appearance for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Richard T. Hill, Asst. Atty. Gen., Denver, for defendant-appellant.

BABCOCK, Judge.

Acting pursuant to the express consent statute, § 42–4–1202, C.R.S. (1984 Repl. Vol. 17), the Department of Revenue revoked the driver's license of Mary Elizabeth O'Rourke. On review, the district court reversed that revocation, and the Department appeals. We affirm.

O'Rourke was involved in an accident in Aurora and taken to a hospital. An Aurora police officer who arrived at the hospital testified that he approached O'Rourke, who was lying immobilized on an emergency room table, and detected the odor of an alcoholic beverage on her breath. The officer testified that he advised O'Rourke of her *Miranda* rights, and she stated that she was the driver of the car and had been drinking. The officer requested that she consent to a blood alcohol test, but O'Rourke refused. He repeated the request for a blood test and, alternatively, offered a breath test, which was also refused. The officer then issued O'Rourke a notification of driver's license revocation and a summons for driving under the influence, and left the hospital.

At the revocation hearing, O'Rourke argued that there was no evidence to establish that she had been arrested prior to the officer's request for a blood test. The hearing officer concluded that the officer had reasonable grounds to believe that O'Rourke was driving under the influence of alcohol and that, therefore, the request for a chemical test was proper. The hearing officer further determined that since the officer had introduced himself at the hearing as the "arresting officer," and that he testified that "in his mind" O'Rourke was not free to leave, there had been a valid arrest. Consequently, O'Rourke's license was revoked for one year.

In reversing the hearing officer's decision, the trial court determined that there was insufficient evidence in the record to support the finding that O'Rourke was under arrest at the time the officer requested her consent to a blood test. The court reasoned that, given the nature of O'Rourke's injuries and her immobilization at the hospital, the mere fact that she answered questions about the accident after being advised of her rights did not lead to the reasonable conclusion that she was under arrest. We agree.

Under the express consent statute, an arrest is a condition precedent to a request that a driver submit to a blood alcohol test. Section 42–4–1202(3)(a), C.R.S. (1984 Repl.Vol. 17). In determining whether an arrest has occurred, the appropriate standard to be applied is whether, in view of all the surrounding circumstances, a reasonable person would have believed he was not free to leave. *See Humphrey v. Motor Vehicle Division,* 674 P.2d 987 (Colo.App.1983).

Applying this standard here, we conclude that, in view of the totality of the circumstances, O'Rourke was not arrested before she was requested to submit to a chemical test. The trial court therefore correctly reversed the revocation. *See Humphrey v. Motor Vehicle Division, supra.*

Judgment affirmed.

HODGES and SILVERSTEIN, JJ.,* concur.