Garde T. BALDWIN and Lavon C.
Baldwin, and Hughes, Pelz, Leach
& Clikeman, P.C., Petitioners,

v.

BRIGHT MORTGAGE COMPANY (f/k/a
Southern Trust and Mortgage Compa-
ny), a Texas corporation, authorized to
do business in the State of Colorado,
Respondent.

No. 87SC54.

Supreme Court of Colorado,
En Banc.

July 11, 1988.

Harlan P. Pelz, Charles E. Stuart,
Hughes, Pelz, Clikeman & Marcucci, P.C.,
Denver, for petitioners.

No appearance for respondent.

MULLARKEY, Justice.

The court of appeals dismissed the peti-
tioners' appeal, holding that, because the
amount of attorney fees to be awarded
pursuant to a trial court order had not yet
been determined, there was no final appeal-
able judgment. We reverse and remand
with directions to reinstate the appeal.

I.

On April 8, 1983, Garde and Lavon Bald-
win were named defendants in an action
filed by a real estate company and a con-
struction contractor, who are not parties to
this appeal, concerning the construction of
a house for the Baldwins. On August 31,
1983, the Baldwins instituted a third-party
action against the respondent, Bright Mort-
gage Company, alleging that the respon-
dent had negligently disbursed construc-
tion loan funds to the contractor.

On December 12, 1985, the district court
dismissed the third-party action against the
respondent. The court held that the Bald-
wins' claim against the respondent was
frivolous and ruled that attorney fees
should be assessed against the Baldwins
and their attorneys pursuant to section 13-
17-101, 6 C.R.S. (1983).[1] The court, how-
ever, reserved its determination of the
amount of attorney fees until a later hear-
ing. As of June 2, 1987, the date the
Baldwins and their attorneys, who are the
petitioners in this court, filed their opening
brief in this court, no such hearing had
been requested by the respondent or set by
the district court.

On February 22, 1986, the district court
entered final judgment in this case pursu-
ant to C.R.C.P. 54(b).[2] The court expressly

---

1. Section 13-17-101(3) provided in part: "The
court shall not award attorney fees among the
parties unless it finds that the bringing, main-
taining, or defense of the action against the
party entitled to such award was frivolous or
groundless." Article 17 of Title 13 has since
been repealed and reenacted, with amendments.

Ch. 107, secs. 1-8, 1984 Colo.Sess.Laws 460,
460-62.

2. C.R.C.P. 54(b) provides in part: "When more
than one claim for relief is presented in an
action ... or when multiple parties are in-
volved, the court may direct the entry of a final
judgment as to one or more but fewer than all

found that the dismissal of the respondent from the lawsuit was a final judgment and that there was no just reason to delay entry of final judgment. The petitioners filed a notice of appeal on April 2, 1986. On November 26, 1986, the court of appeals issued to the petitioners an order to show cause why their appeal should not be dismissed "for lack of a final, appealable judgment." On December 15, 1986, the court of appeals dismissed the appeal on that ground. We granted certiorari to review the decision of the court of appeals.

## II.

The court of appeals held that, because the trial court had not yet determined the amount of attorney fees to be awarded, there was no final judgment. The court relied on our decision in *Kempter v. Hurd*, 713 P.2d 1274 (Colo.1986), where we held that, as a general rule, a judgment is final and therefore appealable if it disposes of the entire litigation on its merits, leaving nothing for the court to do but execute the judgment. 713 P.2d at 1277 (citing *D.H. v. People*, 192 Colo. 542, 561 P.2d 5 (1977), which quoted *Stillings v. Davis*, 158 Colo. 308, 406 P.2d 337 (1965)); *accord Harding Glass Co. v. Jones*, 640 P.2d 1123 (Colo. 1982). Our prior cases did not involve the question of whether an outstanding attorney fees issue precludes a judgment from being a final disposition of the merits of the litigation and therefore, none is dispositive.

In *Budinich v. Becton Dickinson & Co.*, — U.S. —, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), the United States Supreme Court held that a lower court decision on the merits is a final decision for purposes of appeal "whether or not there remains for adjudication a request for attorney's fees attributable to the case." 108 S.Ct. at 1722; *see also Buchanan v. Stanships, Inc.*, — U.S. —, 108 S.Ct. 1130, 99 L.Ed. 2d 289 (1988) (a judgment on the merits prior to disposition of the prevailing party's

motion for costs is appealable). In *Budinich*, the Court reaffirmed the general definition of a "final decision" in *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945), which is nearly identical to the language we used in *Kempter* and *Harding Glass:* "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." 108 S.Ct. at 1720. However, the Court continued by observing that "[a] question remaining to be decided after an order ending litigation on the merits does not prevent finality if its resolution will not alter the order or moot or revise decisions embodied in the order." *Id.* (citing *Brown Shoe Co. v. United States*, 370 U.S. 294, 308–09, 82 S.Ct. 1502, 1514–15, 8 L.Ed.2d 510 (1962)). As the Court noted, its holding in *Budinich* clearly was foreshadowed by its earlier decision in *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), which held that a motion for attorney fees under 42 U.S.C. section 1988 requires an inquiry "separate from the decision on the merits—an inquiry that cannot even commence until one party has 'prevailed.'" 455 U.S. at 451–52, 102 S.Ct. at 1166.

The majority view in the federal appellate courts prior to the *Budinich* decision was that a judgment is final for appeal purposes which has disposed of all of the issues on the merits even though issues regarding attorney fees remain undecided by the trial court. *See, e.g., Beaudry Motor Co. v. Abko Properties, Inc.*, 780 F.2d 751, 755–56 (9th Cir.), *cert. denied*, — U.S. —, 107 S.Ct. 100, 93 L.Ed.2d 51 (1986); *Exchange Nat'l Bank v. Daniels*, 763 F.2d 286, 291 (7th Cir.1985); *Abrams v. Interco Inc.*, 719 F.2d 23, 26–27 (2d Cir.1983). The only contrary authority was to the effect that when the attorney fees are an inherent part of the relief sought because of the

of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

The trial court certified the judgment as final pursuant to C.R.C.P. 54(b) because the case involved multiple parties and judgment was entered only as to the Baldwins' claim against the third-party defendant.

statutory or decisional law authorizing them, the fee question must be determined before a judgment can be considered final. *See, e.g., Holmes v. J. Ray McDermott & Co.,* 682 F.2d 1143, 1146 (5th Cir.1982), *cert. denied,* 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983); *McQurter v. City of Atlanta,* 724 F.2d 881, 882 (11th Cir.1984). This controversy also was resolved by the Supreme Court's decision in *Budinich,* which recognized a "uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final." 108 S.Ct. at 1721–22. The Court based this holding on a goal of obtaining operational consistency and predictability in the application of 28 U.S.C. section 1291, the federal appellate jurisdiction statute. 108 S.Ct. at 1721.

 We find the Court's reasoning persuasive. Section 13–4–102, 6 C.R.S. (1973), provides that the court of appeals generally "shall have initial jurisdiction over appeals from final judgments"; this language is similar to that of 28 U.S.C. section 1291 which provides that "final decisions of the district courts" generally are appealable to the courts of appeals. We note that even under the more restrictive federal test utilized in *Holmes* and *McQurter,* this case is appealable because the attorney fees awarded under section 13–17–102 were not in any way part of the relief sought, but were awarded because, in the trial court's view, the relief sought was frivolous. Nevertheless, we believe that a bright line rule that a decision on the merits is a final judgment for appeal purposes despite any outstanding issue of attorney fees is necessary and appropriate. Such a rule will permit litigants to comply with the relevant appellate rules without a case-by-case analysis of the relationship of attorney fees to the relief sought and will avoid uncertainty.[3] If judgment has been entered and only the issue of attorney fees remains to be determined, certification pursuant to

Rule 54(b) is not a prerequisite to appellate review of the merits of the case.

 We hold that a final judgment on the merits is appealable regardless of any unresolved issue of attorney fees, and we therefore reverse the judgment of the court of appeals and remand with directions to reinstate the petitioners' appeal.

---

**3.** To the extent that *Martin Marietta v. Busto,* 691 P.2d 345 (Colo.App.1984), *cert. denied,* 471 U.S. 1017, 105 S.Ct. 2024, 85 L.Ed.2d 305 (1985), and *Ortega v. Board of County Commissioners,* 657 P.2d 989 (Colo.App.1982), are inconsistent with the holding of this opinion, they are overruled.