Wayne M. PISTORA and Michelle Pistora, Plaintiffs–Appellants,

v.

Crystal D. RENDON, Defendant–Appellee.

No. 87CA1650.

Colorado Court of Appeals, Div. I.

Nov. 25, 1988.

Wilcox & Ogden, Ralph Ogden, Denver, for plaintiffs-appellants.

Robert Hibschweiler, Charles T. Trowbridge, Littleton, for defendant-appellee.

STERNBERG, Judge.

Wayne M. and Michelle Pistora appeal the dismissal with prejudice of their suit seeking damages for personal injuries sustained in an automobile collision with the defendant, Crystal D. Rendon. We reverse.

The accident occurred on February 7, 1986, and suit was filed on May 21 of that year. On August 24, 1987, Pistoras' counsel filed a trial data certificate in which the medical expenses were shown to total $1,800. By one provision of the "No Fault" Motor Vehicle Insurance Act, § 10-4-714, C.R.S. (1987 Repl. Vol. 4A), an action such as this cannot be maintained unless medical expenses exceed a threshold requirement of $2,500. On August 27, Rendon moved for dismissal for failure to meet the threshold medical expense requirement.

The Pistoras did not respond directly to that motion. The trial court treated it "as being under C.R.C.P. 56 and as seeking a final order of judgment" and, on September 21, dismissed the action with prejudice. Two days later, however, the Pistoras moved that the action be dismissed without prejudice for failure to meet the threshold requirement and also filed a separate motion for reconsideration of the September 21 order of dismissal. The trial court denied the motion, and this appeal followed.

In its entry of summary judgment on September 21, the court noted, *inter alia,* that the Pistoras had not responded to the motion. Failure to respond to a motion for summary judgment, in and of itself, cannot serve as the basis for entry of judgment. *Seal v. Hart,* 755 P.2d 462 (Colo. App.1988). Thus, the issue presented is whether the trial court abused its discretion in dismissing the suit with, rather than without, prejudice.

In arguing that the dismissal should be without prejudice, the Pistoras point out

that medical treatment of the injuries sustained was of an ongoing nature and, thus, was likely to exceed the $2,500 threshold in the foreseeable future. We note that, had the Pistoras' motion for dismissal without prejudice for failure to reach the threshold been filed prior to that of the defendants, such motion might properly have been granted under C.R.C.P. 41(a)(1)(B).

A trial court's exercise of discretion is not without bounds. *See Buckmiller v. Safeway Stores, Inc.,* 727 P.2d 1112 (Colo. 1986); *Rudd v. Rogerson,* 152 Colo. 370, 381 P.2d 995 (1963). In determining whether there has been an abuse of discretion, it should be borne in mind that courts exist primarily to afford a forum to settle disputes between parties on the merits. *Mizar v. Jones,* 157 Colo. 535, 403 P.2d 767 (1965).

In *Nagy v. District Court,* 762 P.2d 158 (Colo.1988), the supreme court held the trial court erred in preventing plaintiffs from testifying as a sanction for their not having filed a timely trial data certificate. Similarly, in *Kwik Way Stores, Inc. v. Caldwell,* 745 P.2d 672 (Colo.1987), the supreme court held the sanction of a default judgment to be too severe under the facts presented for failure to comply with a discovery order. *See also Buckmiller v. Safeway Stores, Inc., supra; AAA Crane Service, Inc. v. OmniBank University Hills,* 723 P.2d 156 (Colo.App.1986); *Group 1 Services, Ltd. v. Michilleti,* 650 P.2d 1305 (Colo.App.1982). These cases concerning the appropriate sanctions for procedural violations are instructive here.

■ We conclude that sealing the courthouse doors to the Pistoras by preventing them from ever litigating the substance of their claims, should the $2,500 medical threshold be exceeded, is too severe a punishment for the premature filing of their action. Hence, the dismissal with prejudice constitutes an abuse of discretion; instead, dismissal without prejudice is the appropriate penalty. With that type of dismissal, should the damages threshold be exceeded, then the case can be refiled and decided on its merits; if not, the case is ended.

The judgment is reversed and the cause is remanded with directions to enter judgment dismissing the action without prejudice.

PIERCE and REED, JJ., concur.