**Todd C. DISNER, Plaintiff–Appellant,**

**v.**

**UNITED BANK OF CHERRY CREEK, N.A., Defendant–Appellee.**

**No. 88CA0308.**

Colorado Court of Appeals, Div. IV.

Aug. 3, 1989.

**52**

Clifford L. Beem & Associates, P.C., Clifford L. Beem and Stuart D. Mann, Denver, for plaintiff-appellant.

Rubner & Kutner, P.C., Paul D. Rubner and Sue Ann Fitch, Denver, for defendant-appellee.

DUBOFSKY, Judge.

Plaintiff, Todd C. Disner, brought a negligence, negligent misrepresentation, and breach of contract suit against the defendant, United Bank of Cherry Creek (United Bank). The trial court granted summary judgment in favor of United Bank on all claims and awarded attorney fees under § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A) against Disner and his counsel. On appeal by Disner, we affirm the summary judgment, but reverse and remand as to the attorney fees award.

The Paradise Bar and Grille, Inc. (Paradise) was incorporated to run a restaurant and bar business. Wayne Roper, William H. Burgess, and Paradise, as tenants, entered into a lease with a group of individuals including George Francis, as landlord. In October 1982, Burgess, then president of Paradise, borrowed $65,000 from United Bank, evidenced by his personal promissory note secured by his real property, two deeds of trust, assignment of the Paradise liquor license, assignment of the Paradise lease, and 680 shares of Paradise stock.

Paradise and Burgess both developed economic problems which caused Burgess to default on the $65,000 note. After bankruptcy proceedings were initiated on behalf of Paradise, Disner, on March 28, 1984, purchased Burgess' note together with the collateral securing it from United Bank for $48,614.

In connection with the purchase of this note, Disner also obtained the security agreement and financing statement relating to the Paradise liquor license and had

United Bank's interest in the Paradise lease assigned to him. United Bank agreed to assign its collateral to Disner "in the due course of business." It took 14 months for the assignment of the lease and the assignment of the liquor license was never accomplished. During the pending Paradise bankruptcy litigation another individual purchased various interests of that corporation and reopened the restaurant and bar.

In January 1985, Disner initiated this legal action against United Bank. In June 1987, the trial court entered summary judgment for United Bank against Disner. In January 1988, the trial court ruled in favor of United Bank on its claim for attorney fees. It accepted United Bank's requested attorney fees of $33,354.10 and further ordered that Disner pay 90 percent of that amount and that Disner's counsel pay the remaining 10 percent. This appeal followed and while it was pending, United Bank filed a motion to dismiss because notice of appeal was not filed within forty-five days of the summary judgment.

I.

In *Baldwin v. Bright Mortgage Co.,* 757 P.2d 1072 (Colo.1988), decided July 11, 1988, the court held that for appeal purposes a decision on the merits of an action is a final judgment despite an outstanding issue of attorney fees. Here, the trial court entered summary judgment on June 23, 1987, and entered its judgment on attorney fees on January 26, 1988. Disner's notice of appeal was filed within 45 days of the attorney fees determination but more than six months after the summary judgment was entered. United Bank argues that *Baldwin* should be given retrospective application and that, therefore, this appeal was not timely. We conclude that *Baldwin* should be applied prospectively and, accordingly, that the appeal was timely filed.

A standard for determining whether a civil case should be denied retroactive effect is set out in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), and that standard has been applied in Colorado. *People in Interest of C.A.K.,* 652 P.2d 603 (Colo.1982). In *People in Interest of C.A.K.,* the court indicated that: (1) if the decision is not to be applied retroactively, it must establish a new rule of law; (2) the merits of each case must be weighed by looking to the purpose and effect of the rule in question and whether retroactive operation would further or retard its operation; and (3) the inequity imposed by retroactive application must be weighed to avoid injustice or hardship.

For a decision to be applied only prospectively, the decision must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. *Loffland Brothers Co. v. Industrial Claim Appeals Panel,* 770 P.2d 1221 (Colo.1989).

Prior to *Baldwin,* case law indicated that a judgment was not final until all issues, including attorney fees, were resolved. *Martin Marietta v. Busto,* 691 P.2d 345 (Colo.App.1984), *cert. denied,* 471 U.S. 1017, 105 S.Ct. 2024, 85 L.Ed.2d 305 (1985); *Ortega v. Board of County Commissioners,* 657 P.2d 989 (Colo.App.1982); *see also Torrez v. Day,* 725 P.2d 1184 (Colo.App.1986). Therefore, *Baldwin* established a new rule of law when it held that a judgment is final when entered and need not await resolution of a claim for attorney fees.

The purpose of the rule announced in *Baldwin* is to expedite the final resolution of cases on the merits. A retroactive application of this rule might expedite the resolution of those few cases in which, despite prior case law, the attorneys had commenced their appeal after a decision on the merits and prior to determination on attorney fees. Prospective application of *Baldwin* would, however, not cause a loss of the right of appeal for those cases. *See In re Marriage of Hoffner,* 778 P.2d 702 (Colo.App.1989).

Furthermore, since prior case law held that a prevailing party was required to

wait for a decision on attorney fees before appealing, the impact of a retroactive application would be to dismiss numerous potentially meritorious appeals. That inequity is so extreme that prospective application is mandated. Accordingly, we hold that *Baldwin* applies only prospectively.

## II.

Disner challenges the trial court's granting summary judgment on his three claims, but we perceive no error.

Summary judgment is a drastic remedy which is to be granted only in the clearest of cases. *Gleason v. Guzman*, 623 P.2d 378 (Colo.1981). Motions for summary judgment should be granted only if complete absence of any genuine issue of fact is apparent, and all doubts thereon are resolved against the moving party. *Hatfield v. Barnes*, 115 Colo. 30, 168 P.2d 552 (1946). Nevertheless, if the moving party meets these standards, it is appropriate for the trial court to enter summary judgment. *See Nicks v. Electron Corp.*, 29 Colo.App. 114, 478 P.2d 683 (1970).

■ Disner now claims that his decision to pay United Bank $48,614 for Burgess' previous note and remaining collateral was done primarily to obtain the collateral and not to obtain Burgess' $65,000 note. But Disner's initial deposition contradicts this position. The critical question is, however, whether United Bank negligently did or said something which created a reasonable belief in Disner's mind that the collateral had value. Disner admitted that none of the employees of United Bank represented to him that the liquor license or the lease were valid and had value. Furthermore, the undisputed evidence demonstrates that Disner knew the lease could be assigned only with the concurrence of the lessor. Therefore, he knew that United Bank's assignment of its interest from the lessee could not effectuate a complete assignment.

Disner was also aware that there were serious legal questions with the assignment of a state granted liquor license. Disner's own attorney informed him that there was a substantial doubt as to the value of both the assigned lease and liquor license. We determine that, based on the record, the trial court did not commit error when it entered summary judgment on the negligence and negligent misrepresentation claims.

■ The entry of summary judgment on the contract claim presents a more difficult question. The evidence demonstrates that United Bank did not fulfill its contractual responsibility to complete the assignment of the lease and liquor license "in the due course of business." The trial court found that, although these transfers may not have occurred timely, Disner's position would not have changed had there been a timely assignment. Disner argues that had he received United Bank's interest in the lease in a timely manner, he might have convinced the lessors to assign the rest of the lease to him. The record indicates that for over a year Disner made no further effort to obtain the lease or liquor license. Several statements by Francis, the primary lessor, and his attorney show that Francis was unwilling at any time to assign the lease to Disner. Accordingly, in light of this undisputed position of Francis, Disner could not prevail on his breach of contract claim, and the trial court properly entered summary judgment thereon. *See Varela v. Colorado Milling & Elevator Co.*, 31 Colo.App. 49, 499 P.2d 1206 (1972).

## III.

■ Although we uphold the trial court's grant of summary judgment on the breach of contract claim, our review of the record indicates this claim was not substantially frivolous or groundless. A reasoned basis for this claim was demonstrated, and accordingly, the award of attorney fees under this claim was inappropriate. *See Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984). Therefore a re-determination of the attorney fees relating to the non-contract claims against Disner must be made. In considering the attorney fees award, if any, the trial court should after a hearing determine whether the fees for the other claims were both reasonable and nec-

essary. *See Pedlow v. Stamp*, 749 P.2d 969 (Colo.App.1987).

The summary judgment in favor of United Bank is affirmed. United Bank's request for attorney fees on appeal is denied, the trial court's award of attorney fees is reversed, and the cause is remanded for determination and award of appropriate attorney fees in accordance with this opinion.

JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED WITH DIRECTIONS.

PLANK and FISCHBACH, JJ., concur.