Calkins, Kramer, Grimshaw & Harring, Ted R. Bright, Denver, for plaintiff-appellee.

Linda L. Petrino, pro se.

**DAWES AGENCY, INC.,**
**Plaintiff–Appellee,**

v.

**AMERICAN PROPERTY MORTGAGE, INC., Defendant–Appellant.**

and

**Appeal of Linda L. PETRINO,**

**No. 88CA1493.**

Colorado Court of Appeals, Div. V.

Aug. 2, 1990.

Rehearing Denied Aug. 30, 1990.

Certiorari Denied Feb. 4, 1991.

Opinion by Judge CRISWELL.

Both the defendant, American Property Mortgage, Inc., and its then counsel, Linda L. Petrino, initiated this appeal from the judgment of the trial court that assessed attorney fees against both of them. After the case was docketed in this court, however, counsel was allowed to withdraw from representing the defendant, and only she has argued the case, on her own behalf, before us. Because we conclude that we lack subject matter jurisdiction, we dismiss the appeal.

The issue of jurisdiction arises because the initial notice of appeal in this case was filed after the court entered a judgment on the merits against defendant, but before any final judgment respecting attorney

fees had entered. In addition, no other notice of appeal was filed until more than six months after the trial court's judgment for attorney fees entered. Under these circumstances, we conclude that neither notice operated to vest this court with jurisdiction to review the only order of the trial court for which review is sought.

On May 12, 1988, after a bench trial, the court adopted extensive findings of fact and conclusions of law, resulting in the entry of judgment against defendant in the amount of some $38,800, plus interest and costs. In the final paragraph of its findings and conclusions, it said that a counterclaim filed by defendant's counsel was "frivolous and groundless" and that its filing was, "in all *probability*, a Rule 11 violation." The court concluded that it would *"consider* an award of attorney fees in defense of this particular counterclaim," and it authorized the filing of a motion for an award thereof. Finally, it noted that it *"will rule* ... as to attorney fees to be awarded against Defendant *and/or* defendant's prior counsel, Linda L. Petrino," after the motion was filed. (emphasis supplied)

On June 13, 1988, plaintiff filed a motion requesting an award of attorney fees against both defendant and Petrino in the amount of $4,000. In addition, on July 27, pursuant to a requested order of extension of time, defendant filed a motion under C.R.C.P. 59, seeking either an alteration or amendment to the judgment on the merits or a new trial thereon; no reference to the court's comments upon attorney fees was made in this motion. This motion under C.R.C.P. 59 was denied on August 22. The motion for attorney fees was ultimately set for hearing on October 13.

On October 6, 1988, less than 45 days after the trial court had denied defendant's C.R.C.P. 59 motion, but before the court had acted upon plaintiff's motion for attorney fees, defendant and Petrino filed their notice of appeal with this court. According to this notice, the parties were appealing from the judgment entered on May 12 and the denial of the C.R.C.P. 59 motion on August 22. It also noted that the court was scheduled to hold a hearing on plaintiff's motion to award fees against defendant, "and/or" against defendant and Petrino, on October 13.

Thereafter, a hearing was held upon plaintiff's motion for attorney fees, and on January 4, 1989, the trial court entered judgment against defendant and Petrino in the amount of $3,000, representing attorney fees incurred by plaintiff in defending against the frivolous and groundless counterclaim. However, neither defendant nor Petrino filed any other notice of appeal directed toward the judgment for attorney fees until July 7, 1989, when, in response to plaintiff's motion to dismiss this appeal, an "amended supplemental notice of appeal" was filed, indicating that an appeal was being taken from the judgment entered on January 4, 1989.

In *Baldwin v. Bright Mortgage Co.*, 757 P.2d 1072 (Colo.1988), the supreme court, disapproving and overruling *Martin Marietta v. Busto*, 691 P.2d 345 (Colo.App. 1984), *cert. denied*, 471 U.S. 1017, 105 S.Ct. 2024, 85 L.Ed.2d 305 (1985), and *Ortega v. Board of County Commissioners*, 657 P.2d 989 (Colo.App.1982), held that the question of the propriety of an award of attorney fees was sufficiently separate from any underlying judgment that an unresolved question of attorney fees does not prevent a judgment on the merits from being final for purposes of appeal. In doing so, it adopted the reasoning contained in *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) and *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). In *White*, which presaged *Budinich, supra*, the United States Supreme Court had held that a motion for attorney fees generally requires an inquiry "separate from the decision on the merits—an inquiry that cannot even commence until one party has 'prevailed'."

Relying upon the *Baldwin* analysis, this court in *Roa v. Miller*, 784 P.2d 826 (Colo. App.1989), concluded that a motion for attorney fees is appropriate to be considered after the court determines the merits of the

underlying litigation and, contrary to our previous determination in *Torrez v. Day,* 725 P.2d 1184 (Colo.App.1986), is not akin to a motion to amend the judgment on the merits. It is, rather, more akin to a request for the assessment of costs under C.R.C.P. 54(d) and C.R.C.P. 121 § 1–22. *See also Koontz v. Rosener,* 787 P.2d 192 (Colo.App.1989).

In reliance upon *Budinich* and *White,* the federal courts are uniform in concluding that the time for appealing an award of attorney fees "is not in any way linked to the time for an appeal of the underlying case." *Autorama Corp. v. Stewart,* 802 F.2d 1284 (10th Cir.1986).

Further, while the federal courts have, in some instances, treated a premature notice of appeal as being validly filed on the date of the entry of a later judgment, this rule is based upon the specific provisions of Fed.R.App.P. 4(a)(2) ("a notice of appeal filed *after the announcement* of decision or order but before the entry of judgment or order shall be treated as filed after such entry and on the day thereof." (emphasis supplied)). This authority to treat a premature notice as validly filed, however, does not extend to a notice of appeal filed before the announcement of any decision or order.

This court has also accepted a "premature" notice of appeal in some instances. *See Ayala v. Colorado Department of Revenue,* 43 Colo.App. 357, 603 P.2d 979 (1979) (notice of appeal filed by agency after court's oral order reversing agency's decision accepted, where oral order was later reduced to writing). *But see In re Marriage of Hoffner,* 778 P.2d 702 (Colo. App.1989) (if no written judgment pursuant to C.R.C.P. 58(a) has entered, appeal must be dismissed). In no case, however, either in the federal courts or in this court, has the premature appeal doctrine been applied in circumstances in which the appeal taken is from a later order of the court, which had not been orally announced at the time of the filing of the notice. *See In re Estate of Anderson,* 727 P.2d 867 (Colo.App. 1986) (notice of appeal from order admitting will to probate ineffective to give court jurisdiction to review later order vacating

notice of *lis pendens*). Indeed, it is questionable whether, if a notice of appeal is to be taken as applicable to a later order, the trial court would possess jurisdiction to enter any such later order. *See Molitor v. Anderson,* 795 P.2d 266 (Colo.1990).

While we have discovered no decision involving an attempted appeal of an award of attorney fees initiated prior to the time that the order awarding such fees was announced, we are convinced that judgments relating to that subject are sufficiently distinctive from judgments on the merits that an appeal from one cannot also constitute an appeal from the other. *See In re Estate of Anderson, supra.*

Such a conclusion is particularly compelling in this case. Here, while the trial court had previously found that defendant's counterclaim was frivolous and groundless, at the time of the filing of the notice of appeal that court had not determined whether an award of fees should enter or, if so, whether fees should be assessed against counsel. Likewise, it had not determined the amount of any such fees.

In these circumstances, we conclude that Petrino's effort to appeal a judgment against her, some three months before the court had decided whether it would enter any such judgment, was a futile one. And, we further conclude that the initial notice of appeal in October was insufficient to vest us with jurisdiction to review the judgment entered against Petrino the following January. Consequently, since Petrino failed to file any other notice of appeal within 45 days of the entry of the January 4, 1989, judgment, we lack jurisdiction over this appeal, and it must be dismissed.

We recognize that plaintiff's prior motion to dismiss was denied by the order of a single judge of this court. However, since subject matter jurisdiction is a matter which can be raised at any time, that judge's preliminary ruling upon plaintiff's motion is not binding upon us. *See People v. Roybal,* 672 P.2d 1003 (Colo.1983); *Bosworth Data Services, Inc. v. Gloss,* 41 Colo.App. 530, 587 P.2d 1201 (1978).

Appeal dismissed.

DAVIDSON, J., concurs.

DUBOFSKY, J., dissents.

Judge DUBOFSKY dissenting.

I respectfully dissent.

The majority concludes that this court does not have jurisdiction to determine Petrino's appeal regarding the assessment of attorney fees against her. It apparently determines that the May 12, 1988, order by the trial court was not a final order from which an appeal could be taken. The majority opinion is based upon the fact that that order did not identify against whom attorney fees could be assessed: the defendant or Petrino, or both. Presumably, the majority would have reached a different conclusion if the May 12, 1988, order had identified against whom fees were to be assessed and had left the amount of fees as the only remaining issue.

I disagree with the reasoning and conclusion of the majority and would hold that this court does have jurisdiction to review the assessment of attorney fees against Petrino.

I consider the timing and related circumstances of the events at issue here to be of significance. Here, the trial court's ruling occurred only a few months after the decision in *Baldwin v. Bright Mortgage Co.,* 757 P.2d 1072 (Colo.1988) that overruled prior decisions of this court which held that an appeal on the merits of the case cannot be initiated until the attorney fees issue is first resolved. *See Martin Marietta v. Busto,* 691 P.2d 345 (Colo.App.1984); *Torrez v. Day,* 725 P.2d 1184 (Colo.App.1986). Also, the "untimely" notice was not detected by this court's internal screening process, and, in fact, as noted in the majority opinion, a judge of this court ruled in favor of Petrino on this issue.

Furthermore, plaintiff's counsel waited approximately nine months before raising the issue. If plaintiff's counsel had raised this issue within the first five months after notice of appeal was filed, Petrino could have remedied the problem because 45 days would not have lapsed from the date of the trial court's decision on attorney fees.

Because courts exist primarily to afford a forum to settle disputes between parties on the merits, *Pistora v. Rendon,* 765 P.2d 1089 (Colo.App.1988), this court should apply a liberal approach in determining whether a litigant has met the requirements for filing an appeal. Most federal appellate courts have taken such an approach. For example, in *Richerson v. Jones,* 551 F.2d 918 (3d Cir.1977), the court held that a premature appeal taken from an order which is *not final* but which is followed by an order that is *final* may be regarded as an appeal from the final order in the absence of a showing of prejudice to the other party.

This approach has been particularly favored by the federal courts when attorney fees are involved. *See Alcorn County v. U.S. Interstate Supplies, Inc.,* 731 F.2d 1160 (5th Cir.1984); *Mesa Petroleum Co. v. Coniglio,* 629 F.2d 1022 (5th Cir.1980). And, it does not appear that the United States Supreme Court opinion in *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) has altered the approach of the federal courts as to this subject. *See Federal Savings & Loan Insurance Corp. v. Quality Inns, Inc.,* 876 F.2d 353 (4th Cir.1989); *Dowling v. City of Philadelphia,* 855 F.2d 136 (3d Cir.1988).

Here, there was no showing of prejudice to the other party by the premature filing of the notice of appeal. Indeed, the other party was on notice of an appeal. *See Widener v. District Court,* 200 Colo. 398, 615 P.2d 33 (1980).

Thus, allowing the appeal would be consistent with Colorado's public policy favoring resolution of disputes in courts of law, *see Pistora v. Rendon, supra,* and with the liberal approach taken in many federal appellate courts.

Furthermore, I view the majority opinion as not following prior Colorado court decisions that have accepted premature notices of appeal. *See In re Marriage of Ross,* 670 P.2d 26 (Colo.App.1983); *Widener v. District Court,* 200 Colo. 398, 615 P.2d 33 (1980).

Accordingly, I would hold that the premature filing of the notice of appeal was not fatal to the appeal, and hence, that this court has jurisdiction to consider the merits of Petrino's appeal. *See Ayala v. Colorado Department of Revenue,* 43 Colo.App. 357, 603 P.2d 979 (Colo.App.1979).

I am concerned that the majority opinion will cause confusion and result in the dismissal of meritorious claims. Attorney fees awarded pursuant to § 13–17–102, C.R.S. (1987 Repl.Vol. 6A) are not awarded as part of the underlying case and therefore, typically, are not taxed as costs under C.R.C.P. 54(d) and C.R.C.P. 121 § 1–22. In *Roa v. Miller,* 784 P.2d 826 (Colo.App. 1989), this court held that attorney fees which arise from a breach of contract action and are provided for in the contract itself are treated as costs under C.R.C.P. 54(d) and C.R.C.P. 121 § 1–22.

We are apparently developing different rules for different types of attorney fees cases. There are several state statutes providing attorney fees to prevailing parties in certain types of cases, *i.e.,* landlord and tenant disputes, wage claims, etc. Given the confusion and complexity of the rules in this area, I am concerned that a hard line approach to determining when a "timely" notice of appeal is filed will unnecessarily deprive litigants of their day in court.

Furthermore, if this court were to consider the merits of Petrino's appeal, I would hold that the assessment of attorney fees against her was in error. First, Petrino attempted to withdraw from the case, rather than to proceed with the counterclaim. Second, the court improperly determined that the counterclaim was frivolous and groundless without first providing a hearing.