Luis HERNANDEZ, Plaintiff–Appellant,

v.

Anna WOODARD, Defendant–Appellee.

No. 92CA1348.

Colorado Court of Appeals,
Div. V.

Nov. 4, 1993.

Rehearing Denied Dec. 2, 1993.

Certiorari Denied May 2, 1994.

Law Firm of John W. Cook, P.C., John W. Cook, Colorado Springs, Pryor, Carney and Johnson, P.C., Elizabeth C. Moran, Englewood, for plaintiff-appellant.

Hall & Evans, Alan Epstein, Denver, for defendant-appellee.

Opinion by Judge MARQUEZ.

In this action to recover damages for personal injuries sustained in a 1988 automobile accident, plaintiff, Luis Hernandez, appeals from the summary judgment entered in favor of defendant, Anna Woodard. We reverse and remand for further proceedings.

Plaintiff brought this timely negligence action in 1990. Defendant filed an answer which asserted that the doctrine of *res judicata* barred plaintiff's personal injury claims because he had failed to raise them in an earlier county court action to recover for property damages arising from the same incident.

Plaintiff filed a motion for partial summary judgment asserting that defendant's liability could be determined as a matter of law because her negligence had already been established in the previous action between the parties. Defendant then filed a motion for summary judgment alleging that the doctrine of *res judicata* barred plaintiff's claims.

Plaintiff filed a response and a supporting affidavit asserting that, when he filed the property damage complaint in the county court, his total medical expenses were only $75, which was less than the threshold required by the No–Fault Act, § 10–4–701, et seq., C.R.S. (1987 Repl.Vol. 4), to maintain an action for personal injuries sustained in an auto accident. The affidavit further stated that at the time of trial in the county court case he had $1,948.98 in medical expenses.

The trial court determined that the doctrine of *res judicata* applied. Accordingly, it granted defendant's motion and dismissed the complaint with prejudice.

■ Plaintiff contends that the trial court erred in concluding that his personal injury action was barred by the doctrine of *res judicata*. In support of this contention, plaintiff argues that the doctrine should not apply here because he did not satisfy the No–Fault Act's threshold requirement until after the property damage claim had been tried. Therefore, plaintiff argues, his personal injury claim could not have been litigated in the county court proceeding.

Relying on *Jones v. Cox*, 828 P.2d 218 (Colo.1992), however, defendant responds that plaintiff's claims should have been brought simultaneously because plaintiff could have reasonably expected his medical expenses to exceed $2,500. Therefore, defendant argues that the doctrine of *res judicata* applies.

Under the circumstances present here, we agree with plaintiff.

■ Generally, the doctrine of *res judicata* precludes a party from splitting a cause of action and instituting separate suits for the same claim. *See Shaoul v. Goodyear Tire & Rubber, Inc.*, 815 P.2d 953 (Colo.App.1990); *see also Miller v. Lunnon*, 703 P.2d 640 (Colo.App.1985) (*res judicata* bars mainte-

nance of a subsequent action to enforce a remedy plaintiff did not seek in the former action). However, this rule has its exceptions.

■ Thus, the doctrine does not apply if the plaintiff was unable to seek a certain remedy or form of relief in the first action because of certain legal restraints.

A party is not at liberty to split a single cause of action, so as to recover upon a portion at one time, and upon the residue at another.... *But we apprehend that this rule is applicable only where the plaintiff is under no legal restraint as to the method he shall pursue in the assertion of his rights ... and where the law has placed no impediment in the way of his obtaining, in the action he has brought, the full measure of relief to which he is entitled.*

*Taub v. McClelland–Colt Commission Co.*, 10 Colo.App. 190, 193, 51 P. 168, 169 (1897) (emphasis supplied). *See* Restatement (Second) of Judgments § 26(c) (1982).

As pertinent here, at the time of plaintiff's accident, the No–Fault Act provided that a person injured in an automobile accident could not recover against an owner or operator of a motor vehicle for damages for bodily injury unless the accident caused a reasonable need for medical services having a reasonable value in excess of $2,500. Section 10–4–714(1)(e), C.R.S. (1987 Repl.Vol. 4A).

In *Pistora v. Rendon*, 765 P.2d 1089 (Colo. App.1988), a division of this court interpreted the Act, as pertinent here, to require that an action for personal injuries incurred in an automobile accident could not be "maintained" unless the plaintiff's medical expenses exceeded $2,500. The court in *Pistora* further declared that dismissal without prejudice was "the appropriate penalty" for filing such an action before the $2,500 threshold had been reached.

This decision was expressly overruled by *Jones v. Cox, supra,* on April 6, 1992, which was *after* the county court trial and after defendant's motion for summary judgment and plaintiff's response had been filed in this case. Prior to that date, *Pistora* was the

governing authority on this issue, and plaintiff was thus precluded from asserting his personal injury claim in the county court proceeding. *See Martin v. District Court,* 191 Colo. 107, 550 P.2d 864 (1976) (a court of appeals opinion selected for official publication is the law of the state and should be followed until it is reversed or overruled).

Accordingly, we conclude that the then-existing case law constituted an impediment to plaintiff's ability to obtain relief on his personal injury claim when the first action was brought in county court. We therefore conclude that the trial court should have applied an exception to the *res judicata* bar and permitted plaintiff to pursue his subsequent and timely action on the personal injury claim. *See Taub v. McClelland–Colt Commission Co., supra;* Restatement (Second) of Judgments § 26(c) (1982).

In view of our resolution of this issue, we consider it unnecessary to address plaintiff's other contentions.

The judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

DAVIDSON and BRIGGS, JJ., concur.