## No. 27464

**In the Matter of the Estate of Alice E. Decker; John O. Simpson, Keith A. Simpson, Gertrude Simpson, Joyce Simpson Kelly, Lorene Poland and Donald Belknap v. Benjamin F. Asch**

(570 P.2d 832)

Decided October 11, 1977.                    Rehearing denied November 7, 1977.

John H. Love, Charles F. Murray, for caveators-appellants.

Alan Woods, James A. Sweeney, for personal representative-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

The probate court ruled adversely to the caveators-appellants. On this appeal, they challenge several rulings and the summary judgment entered in favor of the personal representative-appellee. They also claim that the probate court's application of several provisions of the Colorado Probate Code deprived them of property without due process of law. We reject the appellants' contentions and affirm the judgment of the probate court.

Three months before she died in 1974, the decedent executed a will leaving everything to her brother-in-law, Benjamin Asch, the appellee, who had taken care of her for several years. He was also named in the will as personal representative of the estate. On November 1, 1974, the appellee filed a petition to probate the will. Notice of the December 1974 hearing was sent to the three appellants who are also heirs. The thɪ~ ; remaining appellants are children of one of the appellant heirs. Five of the six appellants attended the December 1974 hearing but none participated in person or by counsel. The probate court then issued its order admitting the

will to probate. The record shows that the appellants had consulted an attorney prior to the hearing and had decided not to contest the will.

Nine months later, the appellants moved to vacate the order admitting the will to probate on the grounds of undue influence and the decedent's lack of testamentary capacity. The probate court denied the motion on December 23, 1975 based on its finding that the thirty-day statute of limitations set forth in section 15-12-413, C.R.S. 1973 barred their motion.

In January of 1976, caveators again petitioned the probate court to vacate the order admitting the 1974 will to probate. This time the petition was based upon a "lost" will purportedly made in 1961. On April 14, 1976, the probate court again ruled against the appellants and granted the appellee's motion for a summary judgment. The probate court found that the thirty-day limitation had long since expired and that the appellants' attempt to take advantage of the "lost will" exemption provided by section 15-12-412(1)(a), C.R.S. 1973 was ineffective since they had full knowledge of the 1961 will at the time the 1974 will was admitted to probate. Further, even if the appellants did fall within the exception, their petition was filed too late to take advantage of the exception, which provides a limitation period of one year. Section 15-12-412(1)(c)(III), C.R.S. 1973.

## I. *Due Process*

Appellants complain that they were deprived of property without due process of law because of insufficient notice and lack of an opportunity for a hearing at the December 1974 hearing which resulted in the order admitting the 1974 will to probate. Notice was sent to the three appellants who were heirs, as required by section 15-12-403(1)(b), C.R.S. 1973. The appellants who were not heirs were not required to be given notice, having no apparent interest in the estate. Their claims, if any, depended on the 1961 will, which must be presumed to have been revoked because its provisions were inconsistent with the 1974 will and because the 1961 will could not be found. *See* section 15-11-507, C.R.S. 1973 concerning revocation of a will. Although available to them, the three non-heir appellants failed to file a demand for notice of orders and filings, as provided in section 15-12-204, C.R.S. 1973.

At no time did the appellants challenge the probate of the 1974 will or assert the validity of the prior will in accordance with sections 15-12-404 and 15-12-407, C.R.S. 1973. A probate hearing was held, although the Colorado Probate Code does not require a hearing if the petition to probate the will is unopposed as was true here. *See* section 15-12-405, C.R.S. 1973. Five of the six appellants attended the hearing, but all remained silent. Where there is no hint of objection to the probate of a will, the probate court is not obliged to invite objections at such a hearing. The other contentions that the appellants were deprived of their due process rights by the probate court are similarly without merit.

## II. *Finality of Probate Order*

■ Appellants attempt to excuse their delay in challenging the probate of the 1974 will by asserting that the probate order was not a final appealable order. The plain words of the statute reveal this assertion to be totally unfounded:

"15-12-412. *Formal testacy proceedings — effect of order vacation.* (1) *Subject to appeal* and *subject to vacation* . . . a *formal testacy order* under sections 15-12-409 to 15-12-411 . . . *is final* as to all persons with respect to all issues concerning the decedent's estate that the court considered or might have considered incident to its rendition relevant to the question of whether the decedent left a valid will. . ." (Emphasis added.)

*Cf.* section 15-12-410, C.R.S. 1973. The statute obviously contemplates that final probate orders may be challenged by a timely appeal or by a timely motion to vacate.

## III. *Statutes of Limitations*

■ Because the appellants' confused claims of unconstitutionality appear to challenge the propriety of the probate court's application of the pertinent statutes of limitation, we include the following discussion.

Section 15-12-413, C.R.S. 1973 provides that:

"For good cause shown, an order in a formal testacy proceeding may be modified or vacated within the time allowed for appeal."

By statute, the Colorado Appellate Rules govern these probate proceedings. Sections 15-10-304 and 15-10-308, C.R.S. 1973. C.A.R. 4 allows thirty days for appeals following a final order. Appellants took their first action nine months after the final order had been rendered. Clearly they are barred. Their assertions that the statute should be tolled due to Mr. Asch's allegedly "negligent" failure to disclose information, apparently not amounting to fraud, involving the 1961 will is without support in the statute and in the cases cited by appellants.

■ In an attempt to benefit from the longer statute of limitations allowed under the provisions of section 15-12-412(1)(a) and (c) appellants filed a second motion to vacate the order to probate alleging the existence of a prior will as the basis for vacating the order. Section 15-12-412(1)(a) provides that:

"The court shall entertain a petition for modification or vacation of its order and probate of another will of the decedent if it is shown that the proponents of the later-offered will were unaware of its existence at the time of the earlier proceeding or were unaware of the earlier proceeding and were given no notice thereof, except by publication. . ."

The appellants were neither unaware of the existence of the prior will at the time of the probate order nor were they unaware of the probate proceeding. They may not take advantage of the longer statute of limitation allowed by subsection (c). Even if subsection (c) applied, appellants are

still barred by the statute of limitations because this second motion to vacate was filed more than one year after the order was issued. Section 15-12-412(1)(c)(III).

The probate court's application of these limitation statutes to the facts of this case is far beyond the reach of any constitutional infirmity.

The judgment of the probate court is affirmed.

MR. JUSTICE LEE does not participate.