In the Matter of the Estate of PING CHUN, Deceased

NO. 10807

(PROBATE NO. 41235)

MAY 20, 1986

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

American Airlines, Inc. (American Airlines) and McDonnell Doug-

las Corporation (McDonnell) (collectively Appellants), intervenors in this probate proceeding, appeal from an adverse decision of the circuit court.[1] We dismiss for lack of appellate jurisdiction.

Ping Chun (Decedent) died in an airplane crash in Chicago, Illinois, on May 25, 1979. A probate proceeding[2] was commenced below on November 14, 1980, when Edwin Y.H. Chinn (Chinn), Decedent's uncle, was appointed special administrator of Decedent's estate on an *ex parte* basis. Thereafter, as special administrator, Chinn filed a diversity action against American Airlines and McDonnell in the United States District Court for the District of Hawaii.

Appellants intervened in this proceeding and on June 15, 1983, American Airlines filed a "Petition to Vacate Probate"[3] on grounds that Decedent was not domiciled in Hawaii at the time of death. McDonnell joined in American Airlines' petition.

On October 28, 1983, Walter C.K. Chun and Sau Chun Wong Chun (collectively Chuns), Decedent's parents, filed a "Petition for Adjudication of Intestacy and Appointment of Personal Representative without Priority." The petition alleged, *inter alia,* that Decedent "was domiciled in the City and County of Honolulu, State of Hawaii." The petition was set to be heard on December 16, 1983, and notice of the hearing was published in a Honolulu newspaper as required by law. However, no notice was served on American Airlines and McDonnell by mail or otherwise. On the hearing date, no one appeared to object to the petition. Despite the pending "Motion to Revoke Probate," on January 9, 1984, the circuit court entered its "Order of Intestacy, Determination of Heirs and Appointment of Personal Representative" (Order of Intestacy), which, *inter alia,* found that Decedent was domiciled in Hawaii at the time of death and appointed Chinn as the personal representative.

On March 8, 1984, Chinn, the Chuns, and Yen Chun, Decedent's

---

[1] The Hawaii Uniform Probate Code, Hawaii Revised Statutes (HRS) Chapter 560, defines "court" to mean "the circuit court having jurisdiction in matters relating to trusts and the estates of decedents, missing persons, protected persons, minors and incapacitated persons." HRS § 560:1-201(5) (1976).

[2] HRS § 560:1-201(36) (1976) defines "probate proceeding" as "a proceeding designed to effect the settlement of the estate of a decedent by collecting his assets, paying his debts and distributing his remaining property."

[3] The title of the petition was confusing because no actual "probate" had occurred.

sister,[4] filed a "Petition for Order Declaring Hawaii to be Decedent's Domicile." On May 2, 1985, the circuit court entered its "Findings of Fact, Conclusions of Law and Order" (May 2, 1985 Order) denying Appellants' "Petition to Revoke Probate" and granting the "Petition for Order Declaring Hawaii to be Decedent's Domicile."

Appellants first filed their "Application for Interlocutory Appeal" on May 17, 1985, and then their "Request for Rule 54(b) Certification of Findings of Fact, Conclusions of Law and Order filed on May 2, 1985" on May 23, 1985. On June 27, 1985, the circuit court filed its "Order Granting Request for Rule 54(b) Certification of Findings of Fact, Conclusions of Law and Order filed on May 2, 1985 and Denying Application for Interlocutory Appeal." Appellants' appeal followed.

I.

Appellees assert that the May 2, 1985 Order was an appealable final order from which Appellants were required to file a notice of appeal within 30 days under Rule 4(a)(1), Hawaii Rules of Appellate Procedure (HRAP) (1985). They argue that Appellants' notice of appeal filed on July 26, 1985, came too late. If Appellees' reasoning is correct, Appellants are foreclosed from an appellate review of the domicile issue hotly contested below. However, we do not agree with Appellees.

A.

Although the final and appealable judgment, decree, or order is usually the final decision in a case, in some cases a judgment, decree or order, which does not conclude all matters in the proceeding, is considered final and appealable. *See TBS Pacific, Inc. v. Tamura,* 5 Haw. App. 222, 686 P.2d 37 (1984), *aff'd mem.,* December 14, 1984. Thus, for example, a "judgment of foreclosure of mortgage or other lien and sale of foreclosed property is final, although it contains a direction to commissioners to make a report of sale and to bring the proceeds into court for an order regarding their disposition." *MDG Supply, Inc. v. Diversified Investments, Inc.,* 51 Haw. 375, 380, 463 P.2d 525, 528

---

[4]Chinn, the Chuns, and Yen Chun are collectively referred to as Appellees in the opinion.

(1969). *See also Powers v. Ellis,* 55 Haw. 414, 520 P.2d 431 (1974).

We hold that, like a judgment or decree of foreclosure, an order of formal probate of will or an order of intestacy entered in a formal testacy proceeding is an appealable final order. The order determines "the decedent's domicile at death, his heirs, his state of testacy, who shall serve as personal representative and whether or not informal proceedings may be maintained." Hawaii Revised Statutes (HRS) § 560:3-409 (1976).[5] Thus, the order "finally determines the merits of the controversy [if any, concerning the decedent's domicile, heirs, etc.], and subsequent proceedings are simply incidents to its enforcement." *MDG Supply, Inc. v. Diversified Investments, Inc.,* 51 Haw. at 380, 463 P.2d at 528.

The provisions in HRS §§ 560:3-412 and 3-413 (1976) support our holding. Those sections provide in part as follows:

§ 560:3-412 Formal testacy proceedings; effect of order; vacation. *Subject to appeal* and subject to vacation as provided herein and in section 560:3-413, *a formal testacy order* under sections 560:3-409 to 560:3-411, including an order that the decedent left no valid will and determining heirs, *is final as to all persons with respect to all issues* concerning the decedent's estate that the court considered or might have considered incident to its rendition relevant to the question of whether the decedent left a valid will, and to the determination of heirs[.]

\* \* \*

§ 560:3-413 Formal testacy proceedings; vacation of order for

---

[5]HRS § 560:3-409 reads in its entirety as follows:

Formal testacy proceedings; order; foreign will. After the time required for any notice has expired, upon proof of notice, and after any hearing that may be necessary, if the court finds that the testator is dead, venue is proper and that the proceeding was commenced within the limitation prescribed by section 560:3-108, it shall determine, as applicable, the decedent's domicile at death, his heirs, his state of testacy, who shall serve as personal representative and whether or not informal proceedings may be maintained. Any will found to be valid and unrevoked shall be formally probated. Termination of any previous informal appointment of a personal representative, which may be appropriate in view of the relief requested and findings, is governed by section 560:3-612. The petition shall be dismissed or appropriate amendment allowed if the court is not satisfied that the alleged decedent is dead. A will from a place which does not provide for probate of a will after death, may be proved for probate in this State by a duly authenticated certificate of its legal custodian that the copy introduced is a true copy and that the will has become effective under the law of the other place.

other cause. For good cause shown, an order in a formal testacy proceeding may be modified or vacated *within the time allowed for appeal.*

(Emphasis added.) The language of finality appears in § 3-412. "[T]he time allowed for appeal" in § 3-413 refers to the formal testacy order sought to be modified or vacated, which under Rule 4(a)(1), HRAP, would be 30 days from the filing of such order. *See In re Estate of Corbett,* 203 Neb. 392, 279 N.W.2d 89 (1979). The reading of those two sections together convinces us that a formal testacy order under HRS § 560:3-409 is an appealable final order. *See Matter of Estate of Decker,* 194 Colo. 143, 570 P.2d 832 (1977) (order of probate is "a final appealable order").

### B.

We hold, however, that the Order of Intestacy filed on January 9, 1984, in this case was not an appealable final order because it was a nullity.

Regarding decedents' estates, the applicability of the Hawaii Uniform Probate Code is limited to "estates of decedents . . . domiciled in this State[.]" HRS § 560:1-301 (1976). HRS § 560:3-409 requires the court "after any hearing that may be necessary . . . [to] determine . . . the decedent's domicile at death[.]" Thus, the determination of domicile is a statutory prerequisite for a formal testacy order under HRS § 560:3-409.

Here, Appellants' "Petition to Vacate Probate," which disputed Decedent's alleged Hawaii domicile, was pending. The statute required the court to conduct a hearing and properly determine Decedent's domicile. Absent a determination based on proper notice and a full hearing, the Order of Intestacy was, in essence, an *ex parte* order and a nullity. An entry of an order of intestacy was proper only after the filing of the May 2, 1985 Order.

Therefore, the May 2, 1985 Order itself was interlocutory and not an appealable final order.

### II.

We hold that the Rule 54(b), Hawaii Rules of Civil Procedure (HRCP) (1981), certification was an improper means of cloaking the May 2, 1985 Order with finality.

Rule 81(a)(1), HRCP (1985), provides that the HRCP shall not apply to "[p]robate proceedings under chapter 531[.]" Most of the sections in HRS Chapter 531 have been repealed and their subject matter is now covered by the Hawaii Uniform Probate Code, HRS Chapter 560. Probate proceedings involve procedures and forms different from those set forth in the HRCP. *See* J. Conrad, *Hawaii Probate Sourcebook* (1st ed. 1985); Hawaii Institute of Continuing Legal Education, *Hawaii Probate Manual* (2d ed. 1979). Although the various steps necessary to the administration of decedents' estates are civil as distinguished from criminal matters, "they are [not] civil in the sense that the procedure by which ordinary civil suits must be heard and determined is applicable to them." *Estate of Mansbridge,* 29 Haw. 73, 77 (1926). Thus, the failure to amend Rule 81(a)(1) to include HRS Chapter 560 was an oversight and does not change the intent of the HRCP to exclude probate proceedings from their applicability.[6]

Moreover, even if the HRCP were applicable in this case, Rule 54(b), HRCP, applies only in a case involving multiple claims or multiple parties and where at least one claim has been fully adjudicated as to at least one party. *See* C. Wright, A. Miller and M. Kane, Federal Practice and Procedure: *Civil 2d* § 2656 (1983). The sole "claim" in this proceeding is the settlement of Decedent's estate. That "claim" has not been fully adjudicated.

Accordingly, the certification of the June 27, 1985 Order under Rule 54(b), HRCP, was improper, and we lack appellate jurisdiction.

Appeal dismissed.

*Jerold Matayoshi (Burnham H. Greeley* and *Andrew S. Winer* with him on the briefs) for intervenor-appellant American Airlines, Inc.

---

[6]HRS Chapter 560 is Hawaii's version of the "Uniform Probate Code, promulgated and adopted by the House of Delegates of the American Bar Association in 1969[.]" Sen. Stand. Comm. Rep. No. 582, in 1975 Senate Journal, at 1053. Section 1-304 of the Uniform Probate Code provides:

> Unless specifically provided to the contrary in this Code or unless inconsistent with its provisions, *the rules of civil procedure* including the rules concerning vacation of orders and appellate review govern formal proceedings under this Code.

8 U.L.A. 40 (1983) (emphasis added). However, the legislature deleted § 1-304 because "Article V, Section 6, of the Hawaii Constitution gives the Hawaii Supreme Court exclusive power to promulgate rules in all civil actions and . . . the legislature is without power to direct the application of the rules promulgated by the court." Sen. Conf. Comm. Rep. No. 24-76, in 1976 Senate Journal, at 852.

312

Joinder in briefs of intervenor-appellant American Airlines, Inc.

*Richard E. Stifel, Jacqueline Earle,* and *Cynthia Nojima (Goodsill Anderson Quinn & Stifel,* of counsel) for intervenor-appellant McDonnell Douglas Corporation.

*Steven K.S. Chung (Walter G. Chuck* with him on the brief; *Walter G. Chuck, Attorney at Law, A Law Corporation,* of counsel) for appellees Personal Representative Edwin Y.H. Chinn, Walter C.K. Chun, Sau Chun Wong Chun, and Yen Chun.