In the Matter of the ESTATE OF Robert M. ANDERSON, Deceased.

Robert ANDERSON, Jr., Petitioner-Appellant,

v.

Chapman YOUNG, Jr., Successor Personal Representative, Respondent-Appellee,

and

Victoria Crecelius, Interested Party to Will, Appellee.

No. 85CA0083.

Colorado Court of Appeals, Div. I.

Sept. 11, 1986.

Paul Snyder, Castle Rock, Martin and Snyder, Paul Snyder, Jr., Boulder, for petitioner-appellant.

Corporon Keene & Hoehn, David C. Keene, Englewood, for respondent-appellee Young.

Craig L. Truman & Associates, Craig L. Truman, Robert Breindel, Denver, for appellee Crecelius.

STERNBERG, Judge.

In this probate action, petitioner, Robert Anderson, Jr., a son and devisee of the decedent, appeals from the trial court's order dismissing as untimely his pleadings challenging the earlier admission of his father's will to probate. Petitioner also appeals a separate trial court order which was entered after his filing of his notice of appeal in this action. We affirm the order dismissing the challenge to the will, and dismiss the appeal as to the latter order.

The material facts are undisputed. Robert M. Anderson died on December 5, 1982. The former personal representative of decedent's estate, Jonathan K. Anderson (respondent), filed a petition for formal probate of decedent's 1982 will on December 15, 1982. A hearing on this petition was originally set for December 27, 1982, and respondent sent notices of this hearing to all interested persons, including petitioner, on December 15, 1982. Because of weather conditions, the hearing was continued to January 6, 1983. Following the hearing, the trial court admitted the will to formal probate.

On June 24, 1983, petitioner entered his appearance in this action through his attorney. On September 12, 1983, petitioner filed a "caveat" and a "petition to reopen" in which he moved the trial court to vacate its order admitting the will to probate, alleging that this will was invalid because decedent was not of sound mind and was subject to undue influence and duress when he executed it. On December 12, 1984, the trial court granted respondent's motion for summary judgment as to these pleadings, and dismissed the caveat and petition to reopen on the grounds that they were not timely filed.

Petitioner filed a timely notice of appeal as to the December 12, 1984, order in this court on January 18, 1985. Based on the filing of this notice of appeal and on pleadings subsequently filed, on February 26, 1985, pursuant to C.R.C.P. 105(f)(4), the trial court vacated various notices of *lis pendens* petitioner had filed against certain estate property. Petitioner then filed a designation of additional record as to the February 26th order in this appeal, and argues for reversal of this order in his briefs. However, petitioner has not filed a separate notice of appeal as to the February 26th order, nor has he amended the

existing notice of appeal to include this order.

## I.

Petitioner contends that the trial court erred in dismissing his caveat and petition to reopen as untimely filed. Petitioner's principal argument is that his delay in filing these pleadings was justified by good cause and was excusable under the circumstances, as allegedly shown in his affidavits. We disagree.

■ Under § 15–12–413, C.R.S., for good cause shown, an order admitting a will to formal probate may be modified or vacated "within the time allowed for appeal." *See Craig v. Rider,* 651 P.2d 397 (Colo.1982). The Colorado appellate rules govern the time allowed for appeals of probate matters pursuant to § 15–10–308, C.R.S., and C.A.R. 4(a), as in effect during 1983, allowed thirty days for taking an appeal.

It is undisputed that petitioner received the ten day notice of the originally scheduled hearing on the petition for formal probate of the will, as required by the Colorado Probate Code. *See* § 15–12–403(1)(a), C.R.S., and § 15–10–401(1)(a), C.R.S. (1985 Cum.Supp.). In addition, the trial court found that petitioner had actual knowledge in January 1983 of the order admitting the will to formal probate. Accordingly, we agree with the trial court that petitioner's thirty days for filing challenges to the order admitting the will to probate had expired.

Since petitioner's caveat and petition to reopen were not filed until September 1983, more than six months after the time allowed for such challenges pursuant to § 15–12–413, C.R.S., and more than eight months after the order admitting the will to probate, the trial court properly dismissed these pleadings as untimely filed. *See In re Estate of Decker,* 194 Colo. 143, 570 P.2d 832 (1977) (challenge to order admitting will to probate filed nine months later barred by § 15–12–413, C.R.S.).

■ Furthermore, petitioner's reliance on *Craig v. Rider, supra,* to justify his delay in filing his challenges to the will is misplaced. While admitting that his pleadings were filed after the thirty-day period expired, petitioner contends that *Craig* allows such untimely challenges upon a showing of good cause for delay. However, in *Craig,* the motion to vacate was filed only twenty-eight days after the order admitting the will to probate. Moreover, the *Craig* court stated that the interest in finality of judgments "receives strong protection as applied to orders admitting wills to probate, for section 15–12–413, C.R.S. 1973, limits challenges to orders of probate to the thirty-day period allowed for appeal." Thus, regardless of good cause for delay in filing and the possible merits of the challenge, challenges to formal probate orders filed after the time allowed by § 15–12–413, C.R.S., are barred. *See Craig v. Rider, supra; In re Estate of Decker, supra.*

We have considered petitioner's other contentions of error on this issue and find them to be without merit.

## II.

Respondent's successor as personal representative, Chapman Young, Jr., contends that petitioner's appeal as to the February 26th order vacating the *lis pendens* must be dismissed for lack of jurisdiction. We agree.

■ Failure to file a timely notice of appeal deprives an appellate court of jurisdiction and precludes a review of the merits. *Widener v. District Court,* 200 Colo. 398, 615 P.2d 33 (1980). Since 1984, C.A.R. 3(a) and 4(a) generally have required a notice of appeal to be filed with the appellate court within forty-five days of the date of the judgment or order being appealed. Therefore, because petitioner failed to file a separate notice of appeal or an amendment to the January 18, 1985, notice of appeal in connection with the February 26,

1985, order regarding the *lis pendens*, the appeal as to this order must be dismissed for lack of jurisdiction. Such dismissal would not be mandated only if the January 18th notice of appeal or petitioner's designation of additional record may be considered as constituting the requisite notice.

■ We conclude that the January 18th notice of appeal was not effective to initiate an appeal of the February 26th order. One purpose of a notice of appeal is to identify the action of the trial court being appealed. *Widener v. District Court, supra.* The January 18th notice of appeal could not give notice that the trial court's February 26th order regarding the *lis pendens* was involved in this appeal, as this order involved a separate issue and had not yet been rendered. Therefore, unlike the stipulation in *Happy Canyon Investment Co. v. Title Insurance Co.*, 38 Colo.App. 385, 560 P.2d 839 (1976), and *Comtrol, Inc. v. Mountain States Telephone & Telegraph Co.*, 32 Colo.App. 384, 513 P.2d 1082 (1973), here it was not clear from the outset what was being appealed, and the failure to identify the February 26th order in the notice of appeal was, thus, more than a harmless technical defect of misidentification.

In addition, petitioner's designation of additional record was not filed in this court until April 17, 1985, more than forty-five days after the February 26th order. Hence, we need not consider whether it could suffice as a notice of appeal. *See Collins v. Boulder Urban Renewal Authority*, 684 P.2d 952 (Colo.App.1984) (filing notice of appeal in trial court ineffective where required to be filed in appellate court); *cf. Widener v. District Court, supra* (motion to stay judgment held adequate to serve as notice of appeal).

The order dismissing the challenge to the will is affirmed. The appeal as to the order regarding the *lis pendens* is dismissed.

PIERCE and METZGER, JJ., concur.