Mark A. SCOTT, Petitioner

v.

Samuel C. SCOTT, Respondent.

No. 05SC199.

Supreme Court of Colorado,
En Banc.

June 5, 2006.

Rehearing Denied June 26, 2006.

Sims & Boster, C. Garold Sims, Frank W. Suyat, Denver, Colorado, Attorneys for Petitioner.

Hamil/Hecht LLC, J. Lawrence Hamil, Fred Furst, Michelle W. Stern, Denver, Colorado, Attorneys for Respondent.

Justice RICE delivered the Opinion of the Court.

We granted certiorari to determine whether a party may appeal an order of the probate court prior to resolution of all issues between the parties. Upon review, we hold that when the probate court has entered orders fully determining the rights of the parties with respect to all claims raised in a proceeding, a final judgment exists. If a party wishes to appeal an order of the probate court before the probate court has resolved every claim in the proceeding, a party may seek C.R.C.P. 54(b) certification. Pursuant to C.R.C.P. 54(b), a probate court may enter a final judgment as to fewer than all of the claims presented in a probate action if there is no just reason for delay.

## I. Factual and Procedural Background

This probate matter involves a dispute between Petitioner Mark Scott and Respondent Samuel Scott regarding the estate of William Scott. In 1991 William Scott executed a will and a revocable trust agreement. In 1994 William Scott executed a first codicil to his will. Three years later, he executed a second codicil, which purported to exercise a testamentary power of appointment granting Respondent the majority of the estate assets and trust res. William Scott died in 2000.

On April 19, 2000, Petitioner filed the "Petition for Formal Probate of Will and Formal Appointment of Personal Representative."[1] In particular, Petitioner sought: 1) formal probate of William Scott's will; 2) formal appointment of a personal representative other than Respondent; and 3) to have the court exclude the second codicil from probate. In November 2000, Respondent filed objections to the April 19 petition asserting, among other claims, that there was no basis to exclude the second codicil and that the petition did not state a ground to negate Respondent's priority to serve as the personal representative. The parties did not contest the validity of the will; they only contested the effect of the second codicil.

In September 2002, Petitioner filed a motion requesting partial summary judgment declaring the second codicil invalid.[2] In turn, Respondent requested partial summary judgment declaring the second codicil valid. Next, Petitioner filed a response to Respondent's motion for partial summary judgment, asserting that the Respondent's pleadings "did not frame the issues in a way to permit summary adjudication" because Respondent had not offered the second codicil for admission to probate. Subsequently, on October 11, 2002, Respondent filed a petition for formal probate of the second codicil and formal appointment of a personal representative; Respondent clarified that he submitted the petition "in order to assure that the issue of

---

1. Section 15–10–201(21), C.R.S. (2005), states " 'formal proceedings' means proceedings conducted before a judge with notice to interested persons." This stands in contrast to "informal proceedings," which are conducted without notice to interested persons. § 15–10–201(26).

2. Petitioner claimed the instrument was ineffective to exercise the power of appointment because, before William Scott signed the second codicil, a physician had certified that William Scott lacked the capacity to make personal, legal, and financial decisions.

the validity of the Second Codicil [would] be finally adjudicated in this case."

On November 18, 2002, the probate court granted Petitioner's motion for partial summary judgment, finding that the second codicil was not valid to exercise the testamentary power of appointment. Four days later, the probate court issued an amended notice of trial, stating that the only issue remaining for trial was the appointment of a personal representative. On December 4, 2002, Respondent requested that the probate court certify the partial summary judgment as final for appeal pursuant to C.R.C.P. 54(b).[3]

In a comprehensive order dated February 11, 2003, the probate court denied Respondent's 54(b) motion. In the same order, the probate court denied Respondent's request to be appointed personal representative and found that an independent fiduciary should be appointed personal representative, thereby resolving the last issue contested by the parties.

On March 28, 2003, Respondent filed a notice of appeal from the probate court's orders dated November 18, 2002 and February 11, 2003. On appeal, Respondent argued that the probate court erred in granting Petitioner's motion for partial summary judgment, concluding that the second codicil was not valid, and in denying Respondent's request to be appointed personal representative. Petitioner claimed the appeal was untimely; he argued that the November 18 order was final, and therefore the court of appeals lacked jurisdiction because more than forty five days passed before Respondent filed a notice of appeal.[4]

In *In re Estate of Scott*, 119 P.3d 511 (Colo.App.2004), a divided panel of the court of appeals held that the same rules of finality apply to probate proceedings as apply in other civil cases. 119 P.3d at 515. Because the November 18 order granting partial summary judgment adjudicated fewer than all the parties' claims, it was not a final judgment, and Respondent could not appeal the order without C.R.C.P. 54(b) certification. *See id.* at 515. The majority's holding marked a departure from *In re Estate of Binford*, 839 P.2d 508 (Colo.App.1992), which held that "[t]he test for determining finality is whether an order disposes of and is conclusive of the controverted claim for which that part of the proceeding was brought." 839 P.2d at 510.

Judge Casebolt dissented, reasoning that probate cases are distinct from other civil cases and the *Binford* precedent controlled. *Id.* at 517–18 (Casebolt, J., dissenting). Judge Casebolt would have dismissed Respondent's appeal as untimely. He would have concluded that the November 18 order was final because it "completely determined the issue of decedent's legal capacity to execute the second codicil ... and was conclusive of that controverted claim." *Id.* at 518.

Petitioner sought further review, and we granted certiorari to determine whether a party may appeal an order of the probate court prior to resolution of all issues between the parties.

## II. Analysis

In examining whether a party may appeal an order of the probate court prior to resolution of all issues between the parties, we must determine: 1) which judgments of the probate court are final for purposes of appellate review; 2) the related question of what constitutes a discreet proceeding in the unsupervised administration of an estate;[5] and 3)

3. C.R.C.P. 54(b) provides that when parties present more than one claim for relief in an action, the trial court, upon determining that there is no just reason for delay, may direct the entry of a final judgment as to one or more but fewer than all of the claims.

4. Colorado Appellate Rule 4(a) provides that a party shall file a notice of appeal with the appellate court within fortyfive days of the date of the entry of the judgment from which the party appeals.

5. Unsupervised Administration stands in contrast to Supervised Administration. "Supervised Administration is a single in rem proceeding to secure complete administration and settlement of a decedent's estate under the continuing authority of the court which extends until entry of an order approving distribution of the estate and discharging the personal representative or other order terminating the proceeding." § 15–12–501, C.R.S. (2005).

whether C.R.C.P. 54(b) applies to probate proceedings.

## A. What Constitutes a Final Judgment of the Probate Court

■ We look first to the probate code. Section 15–10–308, C.R.S. (2005), states, "Appellate review, including the rights to appellate review, interlocutory appeal, provisions as to time, manner, notice … and power of the appellate court, is governed by the Colorado appellate rules." The Colorado Appellate Rules instruct that the court of appeals may review judgments of the probate court. C.A.R. 1(a)(1). Neither final the probate code nor the appellate rules provides specific guidance regarding what constitutes a final judgment; hence, we look to our precedent. *See In re Estate of Dandrea*, 40 Colo.App. 547, 551, 577 P.2d 1112, 1115 (1978).

In other civil matters we have consistently held that a "final judgment is one which ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding." *Harding Glass Co. v. Jones*, 640 P.2d 1123, 1125 n. 2 (Colo.1982); *People in re E.A.*, 638 P.2d 278, 282 (Colo. 1981); *Stillings v. Davis*, 158 Colo. 308, 310, 406 P.2d 337, 338 (1965).

In 1992, however, the court of appeals held that in probate cases "the test for determining finality is whether an order disposes of and is conclusive of the controverted claim for which that part of the proceeding was brought." *Binford*, 839 P.2d at 510 (citing *In re Estate of Dodge*, 685 P.2d 260 (Colo.App. 1984)). Under this rule, if an order leads to further hearings on the same issue, it is interlocutory, but if no additional hearings are required, the order is final regardless of whether other aspects of the estate remain for disposition. *Id.*

Although it has been said that the *Binford* rule stands as settled law,[6] others point to the confusion caused by the issue-based test for finality. For example, one author wrote:

[*Binford*] illustrates a potential trap in probate proceedings concerning orders which may be final, but some additional action is required at the trial level. Because the determination of whether an order is a final order considers all the facts surrounding each individual order in many jurisdictions, there will often be uncertainty as to whether an order is final.

John F. Kuether, *Significant Probate and Trust Decisions*, 30 Real Prop., Prob. & Tr. J. 645, 665 (Winter 1996).

In *Scott*, the court of appeals majority determined that the *Binford* issue-based test for finality does not accord with Colorado precedent. We agree. Although *Binford* cited *In re Estate of Dodge* for the issue-based test, neither that case nor any other Colorado case supported the test. Specifically, in *Dodge*, the court of appeals examined whether it had jurisdiction to review the probate court's judgment regarding a homestead exemption. 685 P.2d at 262. The *Dodge* court followed the traditional claim-based test for finality, stating that "a complete determination of the rights of the parties is necessary in order to achieve an appealable 'final judgment.'" *Id.* Although the *Dodge* court phrased its conclusion regarding finality in terms of the single contested issue, the facts of the case demonstrate that, before the appellant filed a notice of appeal, the probate court had completely determined the parties' rights with respect to every claim in the proceeding. *Id.*

In arguing that the *Binford* test accords with Colorado Supreme Court precedent, Petitioner contends that *In re Estate of Decker*, 194 Colo. 143, 570 P.2d 832 (1977), supports the issue-based approach to finality. In *Decker*, the proponent filed a petition to probate the will, and the probate court admitted the will to probate. 194 Colo. at 144–45, 570 P.2d at 833–34. The objectors waited nine months to challenge the order of the probate court and attempted to excuse their delay by arguing that the probate court's order admitting the will was not final. *Id.* at 145–46, 570

---

6. *See Scott*, 119 P.3d at 519 (Casebolt, J., dissenting); *see also* Leonard P. Plank & Anne Whalen Gill, *Colorado Appellate Law and Practice*, § 4.17 Probate Proceedings (1999) ("In general, a probate court order is final for purposes of appeal when it constitutes a complete determination of the rights of the parties as to a particular issue.").

P.2d at 834. We held that the order admitting the will to probate was a final order. *Id.* at 146, 570 P.2d at 834. Because the proceeding in *Decker* involved a single issue, it does not announce a test to determine finality in multi-claim proceedings and therefore is inapposite to the case at hand.

Petitioner claims several other Colorado Supreme Court cases support the *Binford* rule. Petitioner's argument lacks merit because these cases do not specifically address multi-claim probate proceedings, nor do they create an issue-based approach to determining which orders are final; however, these cases do demonstrate that parties need not delay appeal until administration of an estate is complete. *See In re Estate of Royal,* 826 P.2d 1236, 1237 (Colo.1992) (reviewing an appeal from an order granting a motion for summary judgment); *In re Ove's Estate,* 114 Colo. 286, 289–90, 163 P.2d 651, 653 (1945) (holding that an order dismissing a petition seeking revocation of letters of administration and appointment of administrator was a final order; collecting cases determining various probate orders were final and subject to review).

Because the issue-based test for finality conflicts with our precedent, we conclude that the court of appeals properly declined to follow *Binford* in *Scott.* We hold that the same rules of finality apply in probate cases as in other civil cases; thus, an order of the probate court is final if it ends the particular action in which it is entered and leaves nothing further for the court pronouncing it to do in order to completely determine the rights of the parties as to that proceeding.

We are not unmindful of the dissenting judge's concern and of the unique circumstances presented by probate actions. *See In re Estate of Cook,* 245 So.2d 694, 695 (Fla.Dist.Ct.App.1971). We recognize that the unsupervised administration of an estate differs from most civil proceedings and that an appeal may become moot if parties delay filing until administration is complete. But

we find the issue-based approach to finality problematic because it requires the court of appeals to determine whether an order of the probate court completely resolved an issue. The probate court is in a better position than the appellate court to evaluate the status of a proceeding and to determine whether a claim is ripe for review or whether there is just reason to delay an appeal. As explained in greater detail in the succeeding sections, the probate court can better manage judicial resources by clearly delineating the scope of a proceeding, applying the same rules of finality as in other civil cases, and incorporating C.R.C.P. 54(b). *See Mission Viejo Co. v. Willows Water Dist.,* 818 P.2d 254, 258 (Colo. 1991).

### B. What Constitutes a Proceeding in the Unsupervised Administration of an Estate

Because we hold that an order of the probate court is final when it ends the particular proceeding in which the probate court enters the order, we must next determine what constitutes a proceeding.

The definition of "proceeding" provided in the probate code does not resolve this question. *See* § 15–10–201(41), C.R.S. (2005) ("Proceeding includes action at law and suit in equity"). However, the code provides some guidance. Section 15–12–107, C.R.S. (2005), entitled "Scope of proceedings," states that unless supervised administration is involved "[e]ach proceeding before the court or registrar is independent of any other proceeding involving the same estate." § 15–12–107(1)(a). The statute continues, stating that "[p]etitions for formal order of the court may combine various requests for relief in a single proceeding if the orders sought may be finally granted without delay." § 15–12–107(1)(b). Thus, the code instructs that the unsupervised administration of an estate may involve multiple proceedings, that a petition initiates an independent proceeding and defines its scope, and that a single proceeding may dispose of multiple claims.[7]

---

7. This statute also supports our conclusion regarding what constitutes a final judgment because it provides that "no petition is defective because it fails to embrace all matters which might then be the subject of a final order." § 15– 12–107(1)(b). Therefore, when the probate court has fully resolved the claims a proceeding presents, the probate court has issued a final judgment.

The official comment to section 3107 of the Uniform Probate Code supports our interpretation. The comment states, "When resort to the judge is necessary or desirable to resolve a dispute or to gain protection, the scope of the proceeding if not otherwise prescribed by the Code is framed by the petition." Uniform Probate Code (U.L.A.) § 3107.

The facts of the case at hand involve two pleadings labeled as "petitions," which address some of the same issues. Because neither the probate code nor our case law specifies which petition shapes the proceeding, we examine case law from other jurisdictions. Our probate code is substantially similar to that of New Mexico, and we find the approach of the New Mexico Court of Appeals persuasive:

> [O]nce a petition is filed, it defines a proceeding. Further pleadings relating to the same subject matter, whether labeled motions or petitions, are part of the same proceeding. When the subject matter of two petitions overlap, it would generally be appropriate to consider both petitions as belonging to the same proceeding.

*In re Estate of Newalla*, 114 N.M. 290, 837 P.2d 1373, 1377 (App.1992). We agree that the initial petition outlines a set of claims and begins a proceeding. Subsequent pleadings which relate to that set of claims are part of the same proceeding.

## C. Application of Colorado Rule of Civil Procedure 54(b)

■ Finally, we must examine the interplay between the probate code and the rules of civil procedure to determine whether, if an order disposes of fewer than all the claims presented in a proceeding, a party may request that the probate court certify an order as final for appeal pursuant to C.R.C.P. 54(b). Section 15–10–304, C.R.S. (2005), states, "Unless specifically provided to the contrary in this code or unless inconsistent with its provisions, the Colorado rules of civil procedure including the rules concerning vacation of orders and appellate review govern formal proceedings under this code." The probate code is silent regarding C.R.C.P. 54(b). Accordingly, we analyze whether the rule is inconsistent with the code.

In so doing, we look first to the underlying purposes and policies of the probate code. Among other goals, the code purports to "simplify and clarify the law concerning the affairs of decedents" and to "promote a speedy and efficient system" for settling and distributing a decedent's estate. § 15–10–102(2)(a), (c), C.R.S. (2005). Applying rule 54(b) simplifies and clarifies probate proceedings by providing a "uniform rule that informs litigants with certainty that the judgment has become final." *Mission Viejo Co.*, 818 P.2d at 260. Additionally, requiring C.R.C.P. 54(b) certification promotes a more efficient system by avoiding piecemeal and possibly duplicative appellate review and ensuring that litigants will not lose their opportunity to appeal due to a mistaken belief regarding the finality of a judgment. *Id.* Thus, C.R.C.P. 54(b) is not inconsistent with the underlying purposes and policies of the code.

■ Section 15–10–308, C.R.S. (2005), provides further support for our conclusion because it specifically provides for interlocutory appeal in probate proceedings. Under the appellate rules, "appellate courts may not review interlocutory orders without specific authorization by statute or rule." *Mission Viejo Co.*, 818 P.2d at 258. The probate code does not provide a specific rule authorizing interlocutory appeal, so the civil rules control, and C.R.C.P. 54(b) provides a clear procedural pathway for interlocutory appeal.

In claiming rule 54(b) has no applicability in probate proceedings, Petitioner urges us to follow other jurisdictions which have held that 54(b) does not apply to probate proceedings. We do not find the approach taken by these jurisdictions persuasive because our rules and precedent differ from their rules and precedent. For example, in *In re Estate of Chun*, 6 Haw.App. 306, 719 P.2d 1114 (1986), the Hawaii Court of Appeals determined that Hawaii Rule of Civil Procedure 54(b) did not apply to probate proceedings, but the court explained that the Hawaii legislature clearly did not intend for the civil rules of procedure to control probate proceedings. 719 P.2d at 1118. In contrast to the Hawaii

statutes and rules, the Colorado Rules of Civil Procedure and the Colorado Probate Code specifically state that the civil rules apply to probate proceedings. C.R.C.P. 1(a); § 15–10–304. Additionally, courts in jurisdictions with precedent and statutes more similar to ours have held that rule 54(b) applies to probate proceedings. *See In re Estate of Stuckle*, 427 N.W.2d 96, 96 (N.D. 1988) ("The requirements of Rule 54(b) are fully applicable in probate proceedings."); *In re Estate of Newalla*, 837 P.2d at 1377–78 (noting that probate proceedings are subject to the rule of civil procedure that permits a court to enter a final judgment as to fewer than all of the claims present in an action if there is no just reason for delay).

Finally, we note that applying rule 54(b) is consistent with the trend in our precedent. When confronted with circumstances where the jurisdiction of the court of appeals is uncertain, we have generally required rule 54(b) certification. *See Estate of Burford v. Burford*, 935 P.2d 943, 954 (Colo.1997) (noting that actions for dissolution of marriage may last a number of years and concluding that a party may appeal a decree of dissolution without the entry of permanent orders if the district court certified the decree of dissolution as final for purposes of appeal under C.R.C.P. 54(b)); *Mission Viejo Co.*, 818 P.2d at 260 (adopting a strong presumption that judgment entered on fewer than all consolidated actions is not appealable absent C.R.C.P. 54(b) certification).

### D. Application

■ Petitioner argues that the cross motions for partial summary judgment regarding the second codicil presented an independent proceeding and therefore the November 18 order constituted a final judgment. We reject this argument because it conflicts with our interpretation of section 15–12–107 and with the definition of "proceeding" we extrapolate therefrom. Rather, the April 19 petition initiated the proceeding and defined its scope. The April 19 petition requested that the probate court 1) formally admit the will, 2) expressly refuse to admit the second codicil to probate, and 3) appoint an independent personal representative. Every subsequent motion and petition involved the same subject matter as these three claims, and the court filed the subsequent motions and pleading under the same case number as the April 19 petition. Thus, the cross-motions for partial summary judgment were filed in the proceeding initiated by the April 19 petition.

■ Similarly, Respondent suggests that the October 11 petition initiated a proceeding. The October 11 petition, however, was responsive to the April 19 petition and was filed under the same case number. In fact, the language of Respondent's October petition demonstrates that the parties did not intend this petition to initiate a new proceeding:

> This petition is submitted pursuant to the parties' stipulation ... that Samuel Scott would submit a petition for formal probate of the Second Codicil to the Last Will and Testament of William C. Scott in order to assure that the issue of the validity of the Second Codicil will be finally adjudicated in this case. Samuel Scott submits this Petition without prejudice to his positions (1) that the validity of the Second Codicil already is before the Court by virtue of a request for relief set forth in the petition that Mark A. Scott filed in this case on August 19, 2000, and....

When the probate court granted Petitioner's motion for partial summary judgment, the court disposed of the claims regarding the applicability of the will and the second codicil. The amended notice of trial confirmed that the appointment of a personal representative was the only claim which remained for determination in that proceeding. Thus, a final judgment existed when the court handed down the comprehensive order on February 11, 2003, which stated that an independent fiduciary should be appointed as personal representative. At this point, there was nothing further for the probate court to do in order to completely determine the rights of the parties regarding the claims raised in that proceeding.[8] Thus, the forty-

---

8. The April 19 petition requested that the probate court formally admit the decedent's will to pro-

bate. The record does not reflect that the probate court entered an order formally admitting

five day window for appellate review commenced on February 11, 2003, and Respondent timely filed a notice of appeal on March 28, 2003.

## III. Conclusion

In conclusion, we hold that when the probate court has entered orders fully determining the rights of the parties with respect to all claims raised in a proceeding, a final judgment exists. If a party wishes to appeal an order of the probate court before the probate court has resolved every claim in the proceeding, a party may seek rule 54(b) certification. Pursuant to rule 54(b), a probate court may enter a final judgment as to fewer than all of the claims presented in a probate action if there is no just reason for delay. Accordingly, we affirm the judgment of the court of appeals.

the will to probate; however, the parties and the probate court continued as if the probate court had entered such an order when it granted Petitioner's motion for summary judgment, thereby finding the second codicil invalid. For example, at the December 4 hearing, Respondent's attorney stated, "[I]f you take a look at the first codicil to his will ..., which has, I guess, been admitted as well as the will...." Like the parties and the probate court, we will proceed with the understanding that the November 18 order, which granted partial summary judgment, disposed of the first two claims Petitioner presented in the April 19 petition and the only claim that remained for the probate court to settle in that proceeding was the appointment of a personal representative.