The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
March 26, 2020

## 2020COA53

**No. 19CA298, *Martinez v. LHM Corporation* — Colorado Consumer Protection Act — Attorney Fees; Appeals — Final Appealable Order**

In this proceeding, a division of the court of appeals considers whether attorney fees awarded under section 6-1-113(2)(b), C.R.S. 2019, of the Colorado Consumer Protection Act (CCPA) are costs or damages for the purposes of determining the finality of a judgment being appealed. The division concludes that, because section 6-1-113(2) shifts fees and costs to a violator, attorney fees under the CCPA are more akin to costs than to damages. Accordingly, we conclude that the district court's March 20, 2018, order was a final, appealable order and that appellant LHM Corporation did not timely appeal that order. And, because LHM did not substantively challenge the district court's award of attorney fees, we affirm the district court's December 28, 2018, order.

COLORADO COURT OF APPEALS　　　　　　　　　**2020COA53**

Court of Appeals No. 19CA0298
Adams County District Court No. 17CV30099
Honorable Douglas R. Vannoy, Judge
Honorable Jaclyn C. Brown, Judge

Canuto John Martinez,

Plaintiff-Appellee,

v.

LHM Corporation, TCD, d/b/a Larry H. Miller Chrysler Dodge Jeep Ram 104th,

Defendant-Appellant.

APPEAL DISMISSED IN PART
AND ORDER AFFIRMED

Division VII
Opinion by JUDGE FOX
Berger and Lipinsky, JJ., concur

Announced March 26, 2020

The Wynkoop Law Office, PLLC, Richard B. Wynkoop, Susan G. Thomas, Wheat Ridge, Colorado; Law Firm of Brian DeBauche, LLC, Brian DeBauche, Denver, Colorado, for Plaintiff-Appellee.

Fairfield and Woods, P.C., Michael J. Dommermuth, Lee Katherine Goldstein, Adrian P. Castro, Denver, Colorado, for Defendant-Appellant.

¶ 1 Plaintiff Canuto John Martinez alleges that a car dealership violated the Colorado Consumer Protection Act (CCPA). The dealership, LHM Corporation (LHM), appeals the district court's determinations that (1) attorney fees awarded under the CCPA are costs — not damages — for the purposes of determining the finality of a judgment being appealed; and (2) Martinez satisfied the public impact element of his CCPA claim. We dismiss LHM's appeal of the second issue as untimely and affirm the award of attorney fees.

## I.    Background

¶ 2 This case involves a rescinded car sale. On November 12, 2016, Martinez paid $700 down and traded in his 2012 Dodge Journey (the 2012 Journey) to acquire a 2016 Dodge Durango (the 2016 Durango) from LHM. Martinez purchased the Journey in 2012 with financing from Ally Financial (Ally).

¶ 3 With LHM's help, Martinez applied for financing with Ally for the 2016 Durango. Ally conditionally approved Martinez for a loan, and Martinez signed multiple agreements with LHM, including a Spot Delivery Agreement that allowed Martinez to take the 2016 Durango without confirmed financing. When Martinez asked about the status of his financing, LHM assured him that Ally had

approved his application. Martinez left the dealership with the 2016 Durango believing that he had purchased the vehicle.

¶ 4 Later that day, LHM received a notice of adverse credit action that stated Ally had not approved Martinez's financing. Ally did not send this notice to Martinez. From November 12 to 29, LHM negotiated with Ally to obtain financing for Martinez. Despite repeatedly discussing the loan with Ally and submitting a "funding package," LHM was unable to secure the financing. LHM did not inform Martinez of Ally's decision during this period.[1] Despite Martinez's lack of financing for the 2016 Durango, LHM sold the 2012 Journey on November 22 and did not apply any funds from that sale toward Martinez's existing car loan with Ally for the 2012 Journey.

¶ 5 After Martinez was unable to make payments for the 2016 Durango on Ally's website, he returned to the dealership on December 26. Bill Spratte, LHM's financial manager, explained that holiday turnover had resulted in delays. LHM renewed Martinez's application with Ally that day, but Ally again denied the application

---

[1] Ally sent Martinez a notice of its decision to decline his loan application on December 3, but Martinez did not read it.

because payments on Martinez's loan for the 2012 Journey were three months past due.  LHM attempted again — without success — to get Ally to approve the loan on January 7, 2017.

¶ 6    On January 9, Martinez demanded that LHM cancel the sale of the 2016 Durango and return the 2012 Journey to him.  Spratte told Martinez that LHM still had the 2012 Journey even though LHM had sold the vehicle in November.  LHM's General Manager, Brent Wood, met with Martinez and his wife to assure them that LHM would resolve the issue and asked them to return the next day.  Instead of returning, Martinez filed this lawsuit the following day, alleging, among other things, that LHM violated CCPA section 6-1-708(1)(a), C.R.S. 2019, by misrepresenting that Ally had agreed to finance Martinez's purchase of the 2016 Durango and by selling the 2012 Journey without approved financing for Martinez's purchase.[2]

¶ 7    LHM later received a loan offer for Martinez from a third-party lender, and LHM sought to negotiate a new contract for the 2016

---

[2] Martinez also brought claims for negligence per se, civil theft, conversion, unjust enrichment, and violations of the Equal Credit Opportunity and Truth in Lending Acts.  He prevailed only on his Colorado Consumer Protection Act claim.

Durango with new financing terms. Martinez rejected the offer. On February 2, LHM paid Ally the delinquent balance on the loan for the 2012 Journey and asked Ally to notify credit agencies to remove the late payments from Martinez's credit report. LHM also wrote its own letters to Equifax, Experion, and TransUnion asking them to do the same. On February 27, LHM refunded Martinez's $700 down payment, and Martinez returned the 2016 Durango in exchange for the 2012 Journey, which LHM had reacquired.

¶ 8 The parties proceeded to a bench trial, and the district court ruled, on March 20, 2018, that LHM violated the CCPA and awarded Martinez $9900 in damages.[3] The district court also ordered LHM to pay Martinez's attorney fees arising from the CCPA claim pursuant to section 6-1-113(2)(b), C.R.S. 2019, though it did not then determine the amount of attorney fees owed. The court's order clearly states that "as the prevailing party on the [CCPA claim,] Plaintiff is entitled to recover from Defendant his costs and the reasonable attorney fees that he incurred in prosecuting" that claim. Martinez filed a motion for attorney fees on April 10, and on

---

[3] The court's order is dated March 19, 2018, but the order was not docketed until March 20, 2018.

4

June 1, LHM asked the district court to stay collection of damages until after the court determined the amount of attorney fees. Specifically, LHM asserted that the district court's order was not final until the court determined the fees and costs owed. The district court denied the stay in large part because it concluded that its March 20, 2018, judgment was a final, appealable order.

¶ 9 On December 28, 2018, the district court awarded Martinez $51,232.50 in attorney fees. LHM now appeals.

## II. Timeliness of LHM's Appeal of the March 20, 2018, Order

¶ 10 Martinez argues that LHM's appeal is untimely and should be dismissed. Specifically, Martinez argues that attorney fees under the CCPA are costs, not damages, and thus the district court's March 20, 2018, order was final for the purpose of appeal. Further, Martinez argues that, because LHM did not file this appeal until after the district court determined the amount of attorney fees due on December 28, 2018, its appeal is untimely. We agree.

### A. Preservation

¶ 11 Martinez argues that LHM failed to preserve its argument regarding CCPA attorney fees for appeal. We need not address

preservation because, assuming LHM's arguments are preserved, it's appeal from the March 20, 2018, order is untimely.

### B. Applicable Law and Standard of Review

¶ 12    Generally, this court has jurisdiction to review only final judgments from the district court. § 13-4-102, C.R.S. 2019; C.A.R. 1(a). "[A] decision on the merits is a final judgment for appeal purposes despite any outstanding issue of attorney fees . . . ." *Baldwin v. Bright Mortg. Co.*, 757 P.2d 1072, 1074 (Colo. 1988). In *Baldwin*, the Colorado Supreme Court held that an order dismissing the defendants' third-party claim and awarding attorney fees against them for bringing a frivolous action was final and appealable, even though the district court had not yet determined the amount of the attorney fees award. *Id.*

¶ 13    However, when attorney fees are "damages" awarded "as part of the substance of a lawsuit" — as opposed to "costs" awarded to a prevailing party under a fee shifting provision — a trial court's order is not final until the court has determined the amount of the attorney fees award. *Ferrell v. Glenwood Brokers, Ltd.*, 848 P.2d 936, 941-42 (Colo. 1993); *see also Guarantee Tr. Life Ins. Co. v. Estate of Casper*, 2018 CO 43, ¶¶ 22-25, 28 (holding that attorney

fees for denial of an insurance claim were "actual damages" recoverable as a consequence of the suit, rather than a penalty assessed against the losing party in the suit, and thus the fees had to be fully resolved before the order was final for purposes of appeal); *Hall v. Am. Standard Ins. Co. of Wis.*, 2012 COA 201, ¶¶ 2-4, 12-21 (same).

¶ 14    In contrast, "when a statute provides for an award of attorney fees to a prevailing party, an appeal on the merits proceeds separately from an appeal of an award of attorney fees." *Hall*, ¶ 13. Thus, an order under a "prevailing party" statute that resolves the merits of the claim is final and appealable despite an outstanding issue involving attorney fees. *See Baldwin*, 757 P.2d at 1072-74; *see also Madison Capital Co. v. Star Acquisition VIII*, 214 P.3d 557, 560 (Colo. App. 2009) (citing *Baldwin* and holding that a contempt order was final and appealable before the amount of the attorney fees that were awarded as part of the sanction was finally determined).

¶ 15    Failure to timely file a notice of appeal deprives an appellate court of jurisdiction and precludes any review of the merits. *Matter of Estate of Anderson*, 727 P.2d 867, 869 (Colo. App. 1986). An

appellant must file a notice of appeal "within 49 days of the date of the entry of judgment, decree, or order from which the party appeals." C.A.R. 4(a). We may extend the deadline by thirty-five days if the appellant can demonstrate excusable neglect. *Id.*

¶ 16　　We review de novo questions of statutory interpretation. *Hall,* ¶ 19. "[W]hen the statutory language is clear and unambiguous, we need not look beyond its plain terms and must apply the statute as written." *Id.* (citing *Kyle W. Larson Enters., Inc. v. Allstate Ins. Co.,* 2012 COA 160M, ¶ 10).

### III.　Analysis

¶ 17　　Section 6-1-113(2), under which the district court awarded attorney fees, provides as follows:

> Except in a class action or a case brought for a violation of section 6-1-709, and notwithstanding any other law, any person who, in a private civil action, is found to have engaged in or caused another to engage in any deceptive trade practice listed in this article 1 is liable in an amount equal to the sum of:
>
> (a) The greater of:
>
> (I) The amount of actual damages sustained, including prejudgment interest of either eight percent per year or at the rate provided in section 13-21-101, whichever is greater, from

the date the claim under this article 1 accrued; or

(II) Five hundred dollars; or

(III) Three times the amount of actual damages sustained, if it is established by clear and convincing evidence that such person engaged in bad faith conduct; plus

(b) In the case of any successful action to enforce said liability, the costs of the action together with reasonable attorney fees as determined by the court.

¶ 18     Subsection (2)(a) of section 6-1-113 identifies the damages for which a violator of the CCPA can be liable. Then, subsection (2)(b) of the statute awards costs and attorney fees to a prevailing plaintiff. *See Hall*, ¶ 20 (noting that prevailing party attorney fee provisions are typically contained in a separate subsection of the statute). The court's March 20, 2018, order was final and triggered LHM's time to appeal even though the district court had not yet resolved the *amount* of the attorney fee award under section 6-1-113(2)(b). *See Baldwin*, 757 P.2d at 1074; *Madison Capital Co.*, 214 P.3d at 560.

¶ 19     LHM argues that section 6-1-113(2)(b) is like the attorney fee provision of the Unfair Claims Act (UCA) discussed in *Hall* because,

9

like UCA section 10-3-1116(1), C.R.S. 2019, the CCPA addresses attorney fees in the same section that it addresses other damages. In support of that argument, LHM notes that section 6-1-113 is entitled "Damages." But unlike section 10-3-1116(1), which lists attorney fees in the same sentence as it identifies other remedies, section 6-1-113(2) discusses attorney fees in a separate subsection — subsection (2)(b) — from its discussion of remedies generally in subsection (2)(a), and does so in connection with costs.

¶ 20     Section 6-1-113(2) is more similar in language and structure to section 24-34-402.5, C.R.S. 2019 — prohibiting employers from terminating employees for engaging in lawful activities during nonworking hours — which contains a prevailing plaintiff attorney fees provision. *See Hall*, ¶ 13. Section 24-34-402.5(2) reads as follows:

> (a) Notwithstanding any other provisions of this article, the sole remedy for any person claiming to be aggrieved by a discriminatory or unfair employment practice as defined in this section shall be as follows: He or she may bring a civil action for damages in any district court of competent jurisdiction and may sue for all wages and benefits that would have been due him or her up to and including the date of the judgment had the discriminatory or unfair employment practice not occurred;

> except that nothing in this section shall be
> construed to relieve the person from the
> obligation to mitigate his or her damages.
>
> (b)(I) If the prevailing party in the civil action is
> the plaintiff, the court shall award the plaintiff
> court costs and a reasonable attorney fee.

Like section 6-1-113(2), this statute addresses remedies and attorney fees within the same section, but in separate subsections. *See Hall*, ¶ 20; *see also Butler v. Lembeck,* 182 P.3d 1185, 1189-90 (Colo. App. 2007) (treating attorney fees as costs where the lease shifted fees to the tenant).

¶ 21    LHM also argues that attorney fees are damages under the CCPA because they are a "legitimate consequence" of bringing a CCPA action.  *See Butler*, 182 P.3d at 1189.  However, deceptive trade practices under the CCPA are not actions that necessarily "involve [the] plaintiff in litigation with others."  *See Int'l State Bank v. Trinidad Bean & Elevator Co.*, 79 Colo. 286, 287, 245 P. 489, 489 (1926); *see also* John A. Criswell, *The "Finality" of an Order When a Request for Attorney Fees Remains Outstanding*, 43 Colo. Law. 41, 41-42 (May 2014) (describing attorney fees considered damages as those a party incurs bringing or defending an action against a third party).  Martinez engaged in litigation only with LHM.

¶ 22    Because the CCPA essentially shifts fees and costs to the violator, attorney fees under the CCPA are more akin to costs than to damages, and the district court's March 20, 2018, order was a final, appealable order.  Because LHM did not file this appeal until February 15, 2019 — far more than forty-nine days after the district court's final judgment on the merits — its appeal of that judgment is untimely.  Given our disposition, we need not address LHM's remaining arguments regarding the district court's March 20, 2018, order.

## IV.    December 28, 2018, Order

¶ 23    LHM's appeal is timely as to the district court's December 28, 2018, order awarding Martinez $51,232.50 in attorney fees. Because LHM does not substantively challenge that order, we affirm the district court's award of attorney fees.

## V.    Conclusion

¶ 24    The appeal is dismissed in part, and the district court's December 28, 2018, order is affirmed.

JUDGE BERGER and JUDGE LIPINSKY concur.